AMMI B. CHEEVER, Appellant, v. JOSEPH HODGSON ET AL., Respondents.

February 15, 1881.

Where a stockholder in an insolvent corporation, by his laches, permits several claims against the corporation, in excess of his liability as a stockholder, to ripen into judgments against him, he cannot require the judgment creditors to interplead concerning the rights which they have of enforcing their judgments.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

D'ARCY & NAGEL, for the appellant: One has the right to come into chancery for relief after judgment, upon equitable grounds, although they might have been taken advantage of at law. — *Hampstead* v. *Watkins*, 1 Eng. Law & Eq. 317 ; *Dorsey* v. *Reese*, 14 B. Mon. 156 ; *Boyce* v. *Grundy*, 3 Pet. 211 ; 2 White & Tudor Ld. Cas. 1, 2, 1361. The summary determination of a question raised by a motion in a court of law is not a bar to a bill in equity, if the question be an equitable one. — *Wistar* v. *McManus*, 4 P. F. Smith, 318 ; *Arden* v. *Patterson*, 5 Johns. Ch. 44 ; *Donohue* v. *Prentiss*, 22 Wis. 311. "Courts of equity extend the remedy [of interpleader] to all cases to which, in conscience, it ought to extend." — Story's Eq. Jur., sect. 806, note 1 ; *Farley* v. *Blood*, 30 N. H. 363 ; *Lozier* v. *Van Saun*, 2 Green Ch. 325.

E. CUNNINGHAM, JR., for the respondent Kunkelman : Equity will not relieve from the consequences of negligence or laches. — *Hendrickson* v. *Hinckley*, 58 U. S. 445 ; *Matson* v. *Field*, 10 Mo. 100 ; *George* v. *Tutt*, 36 Mo. 141 ; *Reed's Administrator* v. *Hansard*, 37 Mo. 199 ; *March's Administrator* v. *Bast*, 41 Mo. 493 ; *Davis* v. *Staples*, 45 Mo. 567 ; *Duncan* v. *Gibson*, 45 Mo. 352 ; *Miller* v. *Bernecker*, 46 Mo. 194 ; *Greenebaum* v. *Elliott*, 60 Mo. 25.

JAMES M. DILL and O. B. GIVENS, for the respondent Hodgson, cited : *Haseltine* v. *Brickey*, 16 Gratt. 116.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that on September 10, 1878, defendant Hodgson instituted a suit against plaintiff in the St. Louis Circuit Court, on a certificate of deposit for $300 on the People's Bank of Belleville, on the ground that that bank, incorporated in Illinois, was insolvent; that by law the stockholders were individually liable for an amount equal to the amount of stock held by them respectively, and that plaintiff owned ten shares of such stock, of the par value of $100 a share; that a demurrer to the petition was overruled, and a general denial filed, and the cause tried, and judgment rendered against Cheever on January 27, 1879, for the amount claimed; a motion in arrest of judgment was overruled, and the cause was taken to the St. Louis Court of Appeals by writ of error. On November 16, 1878, Hodgson began another action against this plaintiff for $700, on another certificate of deposit, on the same grounds, in which judgment was rendered against Cheever in February, 1879, in the same court, for the amount claimed. No appeal was taken in this case, but it was stipulated that this case should abide the decision of the Court of Appeals in the former action, and that no execution should issue in either case until that decision was rendered. On December 10th, a third action against Cheever was instituted by defendant Kunkelman, in the same court, on certificates of deposit of the Bank of Belleville for $630, on the same ground: that Cheever was liable as a holder of ten shares of stock. Cheever demurred, and his demurrer was overruled. He then answered, setting up the two judgments of Hodgson above recited, the writ of error, the stipulation to abide, and for stay of execution, and the proceedings pending in the Court of Appeals. This cause was submitted on an agreed statement of facts, and judgment was rendered against Cheever on June 10, 1879, for $679. An appeal in this case was taken to the Court of Appeals; but Cheever refused to prosecute the

appeal, because meanwhile the test case of *Hodgson* v. *Cheever* was decided against Cheever, in March, 1880.

Plaintiff says that he never owned more than ten shares of stock in the Bank of Belleville, and is only liable for $1,000 to creditors of the bank, under the law; that defendants threaten to issue execution on their three judgments, which aggregate $1,700; that defendant Kunkelman claims that his judgment is valid, and has priority to those of Hodgson by reason of the stipulation to abide. Plaintiff asks to be allowed to bring into court the $1,000 and interest, and that defendants be required to interplead therefor, and that defendants be restrained from issuing execution, and that plaintiff be discharged with an allowance for his costs.

Defendants demurred to this petition. Their demurrers were sustained, and the bill dismissed.

It may very well happen that two judgments may be rendered against a party on the same cause of action, where only one recovery ought to be had; that this may be the case without any fraud, deceit, or want of perfect good faith on the part of the plaintiffs in these several actions, and that the defendant may have no standing in a court of equity to restrain the collection in full of each judgment. Thus, if two judgments are rendered against a garnishee, one in favor of an attaching creditor and the other in favor of the assignee of the note, the note being in fact the foundation of both judgments, and the garnishee having defended both cases, he cannot, in a court of equity, by bill of interpleader, obtain a perpetual injunction against either. *Yarborough* v. *Thompson*, 3 Smed. & M. 291.

It is to the interest of the republic that there should be an end of litigation. This principle makes courts of equity unwilling to interfere after judgment. Nevertheless, it is not necessary for the purposes of this opinion to deny that any fact which clearly proves it to be against conscience to execute a judgment at law, and of which the injured party

could not have availed himself in a court of law, or of which he might have availed himself, but was prevented from doing so by fraud or accident, unmixed with any fault on his part, may authorize a court of equity to interfere.

The case before us is not such a case. No new fact has arisen. There is no defence of which plaintiff might have availed himself, and of which he was prevented from availing himself. It is not alleged that the defendants have been guilty of any fraud. It does not even appear what was the agreed statement of facts on which judgment was rendered in the Kunkelman suit.

A bill of interpleader is the appropriate remedy where different claimants threaten, or have begun suits, and the one in possession of the fund, disclaiming any right to retain it and admitting that it belongs to one or other of the claimants, but not knowing to which it ought to be paid, asks the intervention of a court, that he may not run the risk of paying twice. But the theory is that the rights of the claimants are not known; after those rights have been passed upon, and there is a judgment as to those rights, it does not appear how a court of equity can interfere on the footing of a bill of interpleader. The complainant should have made his defence at law; at any rate, he should have filed his bill before judgment.

It appears that he contested each separate claim, and denied any right in any one of the parties whom he would now have to interplead, to recover anything from him as a stockholder in the Bank of Belleville. Neither of the defendants is accused of any fraud or concealment in the matter of obtaining these judgments; no new facts have supervened since these judgments; the appeal in the Kunkelman case was not prosecuted. The three actions were pending together in the Circuit Court, and no application was made before judgment to adjust the equities between the parties. Whether the plaintiff was or was not a stockholder in the Bank of Belleville, and as such liable to the creditors of the

bank to the amount of $1,000, was a fact within his own knowledge. Had he admitted this fact whilst these three actions were pending in the Circuit Court, and applied to that court for relief, he would undoubtedly have been protected from a double payment. Each of these defendants proceeded upon a separate legal claim. There appears to have been nothing unconscionable in their each obtaining a separate judgment. With full knowledge of the conflicting nature of these claims, plaintiff contented himself with a defence at law, and a denial of the facts alleged in these suits, and of the legal effect of these facts. Having confidence in that defence, and perhaps for that reason, he did not during the pendency of these suits, and before judgment in all of them, seek any equitable remedy; nor, though he set it up, did he, by prosecuting his appeal in the Kunkelman case, insist that the recovery of the two judgments by Hodgson for the full amount of his liability as a stockholder was a legal defence against Kunkelman; and now that he has permitted these several claims upon his single liability to ripen into judgments, " he ought not," to use the language of the court in a somewhat similar case (*Haseltine* v. *Brickey*, 16 Gratt. 116), " to be permitted to come with his bill to require creditors to interplead, not concerning the judgments they have recovered against him (for they are distinct and several, and neither claims any interest in the judgment of the other), but concerning the right which they personally have to recover the judgments."

The allegation is, that in the Kunkelman suit the defendant set up in his answer, as a defence, the two judgments already recovered by Hodgson. As the Hodgson suits were first in time, and as the two claims of Hodgson would fully absorb for their satisfaction the total amount for which Cheever, on the facts stated, was liable as a stockholder in the Belleville bank, it would appear that the facts set up in the answer in the Kunkelman suit, if properly asserted and insisted upon, might have been made available

as a complete legal defence to that action. A judgment already rendered against a stockholder to the extent of his liability in a suit brought by a creditor, may be pleaded as a defence to a subsequent action brought to charge him in respect of the same liability. *Woodruff* v. *Chittenden*, 4 Bosw. 406. If it be said that a pending action cannot be pleaded in bar of another, and that whilst the Hodgson cases were pending on appeal these judgments could not be a bar, and the trial court took this view, it is evident that an application should have been made there for a stay of proceedings until the litigation in the first suits was at an end. Such an application, we think, ought not to have been refused whilst it appeared that the former suits were being prosecuted in good faith, certainly not after judgment in those suits. If, owing to the neglect of the plaintiff in this case, he did not avail himself of his legal remedy, or, owing to erroneous action of the trial court, it was not allowed its proper legal effect, a court of equity cannot aid plaintiff. He has had his day in court. He should have saved his point and diligently prosecuted his appeal. This, it seems, he has failed to do.

The judgment of the Circuit Court is affirmed. All the judges concur.