## W. C. H. McKinney v. Alexander Kuhn et al.

1. Bill of Interpleader. *Negotiable paper. Garnishment. Judgment.*
   The maker of a note cannot maintain a bill of interpleader against an indorsee and an attaching creditor of the payee, after the former has obtained judgment by suit and the latter by garnishment against him.

2. Same. *Injunction. Garnishment. Assignment. Notice.*
   If such bill discloses that the complainant had no notice of the indorsement until judgment was rendered against him as garnishee, an injunction against execution of this judgment will not be dissolved without answer or proof.

APPEAL from the Chancery Court of Warren County.

Hon. Upton M. Young, Chancellor.

An injunction against the levy of executions, under judgments obtained by Alexander Kuhn and Field, Morris & Fenner against the appellant, was dissolved on motion upon the face of his bill of interpleader, without proof or answer, notwithstanding the allegations that, upon his note payable to Brown & Bro. he was garnished in an attachment by Field, Morris, & Fenner, who obtained judgment on his answer admitting the debt, before he heard of its indorsement to Alexander Kuhn.

*Shelton & Crutcher*, for the appellant.

The debtor could not plead the assignment when garnished, because he had no knowledge that the note was indorsed, and he could not plead the judgment in attachment against him when sued on the note, because it was *res inter alios acta*. *Kellogg* v. *Freeman*, 50 Miss. 127 ; *Horton* v. *Grant*, 56 Miss. 404 ; *Lewis* v. *Dunlop*, 57 Miss. 130. Unless he can maintain his bill of interpleader, he must pay the debt twice. The bill may be filed after judgment. · *Oldham* v. *Ledbetter*, 1 How. 43. Unlike *Yarborough* v. *Thompson*, 3 S. & M. 291, no mis-

take of law led in the case at bar to the erroneous answer to
the garnishment, but the appellant, although he exercised
diligence, was misled as to the facts, and his application to
the Chancery Court is not to obtain relief which would be
denied him at law, but to make his legal remedy effectual.
Code 1880, § 2449 ; 1 Story Eq. Jur. § 27.

*Miller & Hirsh*, for the appellee, Alexander Kuhn.

Having negligently permitted two judgments in favor of
different persons to be recovered against him for the same
debt, the appellant cannot obtain relief in a court of equity
without showing fraud on the part of the judgment creditors.
*Yarborough* v. *Thompson*, 3 S. & M. 291.   If he had a defence
to the indorsee's suit, which the garnishment was not, he should
have pleaded it before judgment at law.   When garnished, it
was his business to find out whether the attachment debtor still
held this negotiable paper.

*A. M. Lea*, for the appellees, Field, Morris & Fenner.

Protection is afforded at law, by the statute, to a garnishee
who is not negligent.   Code 1880, §§ 2447, 2449.   Unless he
avails himself of this, he cannot obtain relief in equity after
two judgments are rendered against him.   *Yarborough* v. *Thomp-
son*, 3 S. & M. 291.   This result of a garnishee's carelessness is
common, and is rarely relieved against.   Drake on Attach-
ment, §§ 658, 658 *e*.   He is a trustee, whose duty it is to know
the facts, and to set them forth in time to protect himself and
preserve the fund.

Cᴏᴏᴘᴇʀ, J., delivered the opinion of the court.

The bill in this cause is not maintainable as a bill for an
interpleader, because the complainant did not seek the inter-
position of the court until after judgments had been rendered
against him at law, in favor of the attaching creditors of Brown
& Bro., and of the assignee of the note made by him to them.
It is well settled, both by reason and authority, that one who
asks the interposition of a court of equity to compel others,
claiming property in his hands, to interplead, must do so
before putting them to the test of trials at law.   *Yarborough* v.
*Thompson*, 3 S. & M. 291 ; *Haseltine* v. *Brickey*, 16 Gratt.
116 ; *Cornish* v. *Tanner*, 1 You. & Jer. 333.   The remedy by

interpleader is afforded to protect the party from the annoyance and hazard of two or more actions touching the same property or demand ; but one, who with a knowledge of all the facts, neglects to avail himself of the relief, or elects to take the chances for success in the actions at law, ought to submit to the consequences of defeat. To permit an unsuccessful defendant to compel the successful plaintiffs to interplead, is to increase instead of to diminish the number of suits ; to put upon the shoulders of others the burden which he asks may be taken from his own. Whatever may have been, or may be now, the complainant's right, as against the attaching creditors (Field, Morris & Fenner), he has lost the right to call upon Kuhn to interplead, and without him there can be no interpleader.

It is urged on behalf of the appellant that he could not have defended the action brought against him by Kuhn, on the ground that judgment had been rendered against him in favor of Field, Morris & Fenner, and therefore could make no defence at all, as he admits the debt to be due and payable to Kuhn or them. It is true that the defence indicated would not have availed the complainant ; but this is true because it would have been no defence at all, as the contest was not whether some one else had recovered a judgment for the debt sued for, but whether Kuhn was entitled to recover. If, in addition to the fact that Field, Morris & Fenner had recovered judgment against him and the defendant in attachment, the complainant had pleaded that the judgments had been recovered, or the writ of garnishment served on him before the transfer of the note to Kuhn, and had sustained his plea by proof, he would have defeated the claim of Kuhn. This is precisely what Field, Morris & Fenner would be required to prove, to entitle themselves to the fund, if an interpleader was awarded, and thus the defence which the complainant might have made and failed to make in the action at law, would be made for him by another in equity.

The bill, though not maintainable as a bill for an interpleader, states that the complainant had no notice of the transfer of the note until after the rendition of the judgment in favor of Field, Morris & Fenner, and, by moving to dissolve the injunction on

the bill alone, the equities as stated are admitted by them. It is clear that if the garnishee had no notice of the transfer of the note at the time of the rendition of the judgment, and has since learned of such fact, he is entitled to an injunction against the execution of the judgment, otherwise he would, without any fault on his part, be required to pay the same debt twice. The decree of the court below is affirmed in so far as it dissolved the injunction against the execution of the judgment in favor of Alexander Kuhn, and reversed as to the dissolution of the same against the execution of the judgment in favor of Field, Morris & Fenner.

*Decree accordingly.*