[S. F. No. 1881.   Department One.—February 3, 1900.]

CHARLES N. FOX, Executor, etc., Respondent, v. A. M. SUTTON and ARTHUR W. BURDICK, Respondents. ALICE H. BURDICK and HENRY C. ROSS, Jr., Appellants.

INTERPLEADER—AMENDMENT TO CODE—DEPOSIT IN COURT.—The amendment of 1881, added to section 386 of the Code of Civil Procedure, permits an action of interpleader to be maintained against conflicting claimants of personal property or of the right to the performance of an obligation in whole or in part, and does not require as a condition precedent to the action that the property or money involved shall be deposited in court at the commencement of the action, and an order requiring such deposit may be made pending the action.

ID.—BILL BY EXECUTOR—INTERPLEADER BETWEEN TRUSTEES AND DISTRIBUTEES—INJUNCTION AGAINST DISTRIBUTEES—PARTIES TO DECREE.—In an action by an executor individually and in his official capacity to compel an interpleader between persons claiming a special fund, as trustees thereof, adversely to the estate, and who had brought an action against the executor to recover the fund, and other persons claiming the same fund as distributees of the estate, the plaintiff, upon paying the money into court under its order, is entitled to an injunction to prevent the distributees from enforcing the decree of distribution pending the action for an interpleader between them and the alleged trustees who were not parties to that decree and were not concluded thereby.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting an injunction.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. H. McKune, and Henry C. Ross, Jr., for Appellants.

R. S. Gray, for Charles N. Fox, Respondent.

J. H. Craddock, for A. M. Sutton and Arthur W. Burdick, Respondents.

VAN DYKE, J.—On the death of Stephen Powell Burdick there was on deposit in the First National Bank of Oakland

some five thousand two hundred and eighty-one dollars and sixty-four cents standing in the name of "S. P. Burdick, Atty." This money was claimed by the plaintiff, as executor, as belonging to and being part of the estate of said Stephen Powell Burdick, and was also claimed by the defendants, A. M. Sutton and Arthur W. Burdick, as alleged trustees, by title adverse to said estate. Under these circumstances the bank refused to pay over the money to either the executor or the trustees, unless the claims of such respective parties were first adjudicated. In order to save expense, and in view of the uncertainty of litigation, the claimants agreed by stipulation that the money should be paid over to the executor, subject only to such claim as the said trustees might have to the residue after administration.

Upon this stipulation being entered into, the money was turned over to the executor, and in his final account it is stated that the balance of said money remaining in his hands amounted to sixteen hundred and fifty-seven dollars and ninety cents. Upon the settlement of the executor's final account, Alice H. Burdick, surviving widow of the deceased, petitioned the court for distribution of the one-half of said sum to her, on the ground that the whole of said money so received by the executor was community property, and belonged to the estate of her deceased husband. The defendants, Sutton and Arthur W. Burdick, as said trustees, opposed said petition of distribution, and asked that the money be turned over to them, under the terms of their trust deed. The court denied the petition of the defendants Sutton and Arthur W. Burdick, and also denied their motion for an order staying distribution until they could, by action in a court of competent jurisdiction, have their respective claims to said money adjudicated and determined; and thereupon ordered distribution according to the prayer of the petitioner, Alice H. Burdick.

This court dismissed the appeal of said Sutton and Arthur W. Burdick, as trustees, and of said Burdick in his own right, saying: "They are not named in the will and claim no rights under it and have presented no claim against the estate. They are not, and could not have been aggrieved persons. The order refusing to postpone the decree of final distribution was not appealable." (*In re Burdick,* 112 Cal. 396.)

While said appeal was pending and undetermined, said Sutton and Arthur W. Burdick commenced an action in the superior court in the city and county of San Francisco against the plaintiff herein, individually and as executor of said estate, for the recovery of said eight hundred and twenty-eight dollars and ninety-seven cents, which had been so ordered distributed to said Alice H. Burdick. After the dismissal of said appeal, the appellants herein, Alice H. Burdick and Henry C. Ross, Jr., her attorney, applied to the superior court of Alameda county, in which the settlement of the estate was pending, for an order on the plaintiff, Fox, as such executor, to pay over the money which had been ordered to be distributed, or show cause why he should not be punished for contempt in failing to do so.

The plaintiff, Fox, thereupon, as such executor and individually, brought this action. In his complaint the facts, some of which have been referred to, are fully stated, and it is averred in said complaint that the plaintiff has no interest in the said eight hundred and twenty-eight dollars and ninety-seven cents, only as to which of the defendants shall receive the same, and is ready to deliver the same to the person entitled thereto, and prays that said defendants may be required to interplead together for the purpose of determining their respective claims to the said eight hundred and twenty-eight dollars and ninety-seven cents, and upon delivering the same to the party adjudged by the court to be entitled thereto, or upon paying the same under and in obedience to any determination that may be had in the cause, the plaintiff may be discharged from all liability in the premises.

Upon filing his complaint the plaintiff obtained an order to show cause why an injunction *pendente lite* should not issue restraining the defendants, appellants here, from enforcing or attempting to enforce said decree of distribution. The defendants appeared and answered, and, as recited in the injunction order, "thereupon all of the parties being present and represented by counsel in open court, upon the records, files, and matters heretofore submitted to the court, under and in connection with said orders, and upon the records, files, and minutes of said court, at this time, for good cause shown, and no sufficient cause to the contrary being shown, and it appearing

that there has been a trial in this action of the issues of fact raised by the pleadings of all the parties in this action as to the right of the plaintiff to maintain this action, and it satisfactorily appearing to the court from the papers, records, and files in this action presented and considered in connection with and upon the hearing of said orders to show cause that it is a proper case for such injunction, and that sufficient grounds exist therefor," it was ordered that, upon filing a suitable bond, as provided by law, and approved by the court, the defendants, appellants herein, be enjoined from undertaking, in any way whatever, to enforce said decree of distribution, pending this action. From which order this appeal is taken.

The first point made by the appellants is that the plaintiff does not show the right of interpleader, because he did not bring the money into court, or offer to do so at the time of instituting this proceeding. The provision of the code in reference to interpleader, as the section originally stood, provided that a defendant "against whom an action is pending upon a contract, or for specific personal property, may, at any time before answer, upon affidavits that a party to the action makes against him, and, without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property or its value to such person as the court may direct." (Code Civ. Proc., sec. 386.) By way of amendment, in 1881, the following material provision has been added to this section: "And whenever conflicting claims are, or may be, made upon a person for or relating to personal property, or the performance of an obligation, or any part thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another."

This added provision of the code, it appears, authorizes such a proceeding as the one under consideration. And it would seem that this does not require, as a condition precedent to bringing said action, that the party should deposit or pay into the court the money or property in controversy. The record, however, shows that the court, in granting the injunction, ordered that the plaintiff deposit in court and pay to the clerk in that behalf the said amount in controversy.

It is further contended by the appellants that the order of distribution is final and conclusive and estops plaintiff from maintaining this action.

The plaintiff, however, it appears, does not dispute the claim of the appellants, but seeks protection from the demands and claim of the other defendants for the same money, and who are not bound by the decree. Under such circumstances, it would seem but just that the plaintiff, as executor, should not be compelled to defend said action and subject himself, perhaps, to liability, not only to pay said money a second time, but also the costs of litigation. Besides, the plaintiff files his bill, not only as executor, but individually, whereas the decree of distribution runs against him, of course, only as executor.

The other points made by the appellants are not sufficiently important to require special notice or consideration under the facts disclosed by the record. We think the court below justified in granting the injunction as prayed, and the order is affirmed.

Harrison, J., and Garoutte, J., concurred.