[Civ. No. 160.   First Appellate District.—February 28, 1906.]

JOHN LACKMANN, Appellant, v. SOPHIE KLAUEN-BERG, HERMAN KLAUENBERG, and P. W. WEB-BER, Respondents.

INTERPLEADER—CONFLICTING CLAIMS TO MONEY HELD BY SHERIFF—APPEAL BY SHERIFF FROM JUSTICE'S JUDGMENT—DEMURRER.—A bill of interpleader by a sheriff against conflicting claimants of money in his hands is not demurrable on the ground that it discloses an unsuccessful defense by him to an action by one of the claimants in the justice's court, the judgment on which has been appealed to the superior court, and is pending therein for trial *de novo*.

ID.—EFFECT OF FINAL JUDGMENT—VACATION OF JUDGMENT.—Although a final judgment against the plaintiff interpleader in favor of one of the conflicting claimants is a bar to the interpleader, yet that principle does not apply to a judgment of a justice's court vacated by appeal to the superior court.

ID.—DEFENSE TO ACTION.—A defense to an action is not a bar to an interpleader, if not too far persisted in.

ID—COSTS—EQUITABLE CONDITION OF ORDER.—When the defense by the plaintiff in interpleader has involved the claimant in taxable costs in the justice's court, the payment of such costs by the plaintiff may be made an equitable condition of the order of interpleader.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

George D. Squires, for Appellant.

S. D. Carr, and   George H. Whipple, for Respondents.

HALL, J.—This is an appeal from a judgment entered after order sustaining demurrer to plaintiff's second amended complaint. The action was brought to compel the defendants, Sophie Klauenberg and P. W. Webber to interplead as to their rights to a sum of money in the hands of plaintiff. The demurrer is a general one, filed by the Klauenbergs, and the question presented is as to the correctness of the ruling of the court sustaining the demurrer; in other words, does the complaint state a case sufficient to entitle plaintiff to a judgment that the defendants interplead as to their rights to the money in the hands of plaintiff?

The essential facts set forth in the complaint are that defendant Webber brought an action against the defendants Sophie and Herman Klauenberg, in which a writ of attachment was issued and placed in the hands of plaintiff, as sheriff, for service, and under which he levied upon certain personal property alleged to belong to Sophie Klauenberg and Herman Klauenberg, Sophie Klauenberg in lieu of giving an undertaking, deposited with the plaintiff $175, and the property was thereupon released from the levy. Subsequently Webber obtained judgment against Herman Klauenberg for $106 and $45 costs, but did not obtain any judgment against Sophie Klauenberg. Webber thereupon procured a writ of execution to issue, and claims to be entitled to said sum of $175, or so much as will satisfy his judgment against Herman Klauenberg, while Sophie Klauenberg brought an action in the justice's court, against plaintiff to recover the said sum of $175, in which she alleged that the said sum of $175 was deposited with plaintiff to secure the release of her property and not that of Herman Klauenberg, and in said action judgment has been given against plaintiff for the said sum. Plaintiff has appealed from said judgment, and said appeal is now pending and has not been decided. The complaint alleges that plaintiff has no claim or interest in said money, and offers to deposit same in court to be disposed of as the court may direct. It does not appear from the complaint

what plea, answer or defense plaintiff made to the action in the justice's court. It thus appears from the allegations of the complaint that plaintiff has in his possession the sum of $175, in which he has no interest, and to which he makes no claim, but for which .defendant Sophie Klauenberg makes claim for the entire amount, and has brought suit, which is now pending and undetermined, for the entire amount, and to which defendant Webber makes claim for so much as will satisfy his judgment against Herman Klauenberg. Section 386 of the Code of Civil Procedure, after making provision for the substitution of a second claimant in place of the defendant in certain cases, provides that "whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. It is further provided that the action of interpleader may be maintained, and the plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, but are adverse to one another. The facts set forth in the complaint in this case bring it within the provisions of the statute above quoted, unless the fact that the action in the justice's court had gone to judgment bars the right to an interpleader.

It is undoubtedly the general rule that where either one of the conflicting claimants has secured a final judgment against a stakeholder who had knowledge of the conflicting claims before judgment, such stakeholder cannot maintain an action of interpleader. (*Cheever* v. *Hodgson,* 9 Mo. App. 565; *French* v. *Robrchard,* 50 Vt. 43; *Holmes* v. *Clark,* 46 Vt. 22; *Mitchell* v. *Northwestern etc. Co.,* 26 Ill. App. 25; *Dodds* v. *Gregory,* 61 Miss. 351; *McKinney* v. *Kuhn,* 59 Miss. 186.) But that is not this case; no final judgment has been taken against plaintiff. The action brought in the justice's court is undetermined and still pending, and there is now no judgment existing against plaintiff. The taking of the appeal has vacated and set aside the judgment that had been rendered. (*People* v. *Frisbie,* 26 Cal. 135; *Gillmore* v. *American Cent. Ins. Co.,* 65 Cal. 63, [2 Pac. 882]; *Bullard* v. *McArdle,* 98 Cal. 355, [35 Am. St. Rep. 176, 33 Pac. 193].) Appellant,

however, insists that plaintiff has forfeited his right to maintain the action of interpleader by defending the action in the justice's court; that by so doing he has violated the rule that requires the plaintiff (stakeholder) to be indifferent between the conflicting claims. This rule is thus stated in 11 Encyclopedia of Pleading and Practice, 455: "It is of the essence of an interpleader suit that the plaintiff shall be and continue entirely indifferent between the conflicting claims. But the plaintiff is not precluded from filing a bill of interpleading by defending a suit brought against him by one of the claimants to the fund if the defense is not too far persisted in." In the case at bar it does not appear what defense plaintiff made to the action brought by respondent Sophie Klauenberg. It simply appears that the action was brought in the justice's court, and judgment rendered against plaintiff here (defendant there) and an appeal taken. In *Curtis* v. *Williams,* 35 Ill. App. 518, it was held that it is no objection to such a bill that the complainant therein had filed an answer in one of the former suits. In *Jew* v. *Wood,* 3 Beav. 579, rent was claimed of plaintiff by two sets of claimants. One had distrained goods and chattels for the rent, and plaintiff had brought a suit in replevin for the goods and chattels, but subsequently filed a bill of interpleader. It was urged that he was not entitled to relief because of delay in bringing the action, and because of his attempt to defend himself at law by his action of replevin. The master of the rolls upon this point said: "It does not appear to me that there has been any improper delay; and though I had some hesitation at first, I think that the defense set up at law ought not to preclude the plaintiff from relief in this court." The injunction was sustained, and the interpleader allowed.

A very just and equitable rule was adopted by the vice-chancellor in *Jacobson* v. *Blackhurst,* 2 Johns. & H. 486. The action was to compel two sets of claimants to interplead as to their rights to eighty-one crates of crockery in the possession of plaintiff, who had theretofore been sued for the crockery by one of the defendants. The report of the case states that: "The only question of interest was, whether the plaintiff was precluded by having set up a lien in defense to an action at law, which, on the face of the bill, he had not

offered to withdraw otherwise than by submitting 'to act as the court should direct in order that the defendants might interplead.' '' The vice-chancellor decided that the case was a proper one for interpleader; and that, though the plaintiff was wrong in pleading a plea of lien to the action at law, yet that was met by the withdrawal of his pleas (he withdrew any claim of lien on the crockery), ''and by making him in the first instance pay the costs of the plaintiffs in the action at law and their costs of the present suit up to and including the order for an injunction, getting these costs over again from the absent defaulting defendants.'' So, in this case, the adoption of a similar rule will result in exact and complete justice. Plaintiff has no claim upon the fund in his hands. It belongs in whole to defendant Sophie Klauenberg, or in part to defendant Webber. It can make no manner of difference to defendant Klauenberg whether she prosecutes her action for the money against Lackmann, the sheriff, or defendant Webber. In either case, as the matter now stands, the action must proceed in the superior court. If the interpleader be ordered, she will have the substantial advantage that the money will be deposited with the court; and if it be shown that she has incurred any taxable costs in the action in the justice's court, no reason suggests itself to us why the court may not follow a practice similar to that adopted in *Jacobson* v. *Blackhurst, supra,* and impose the payment by plaintiff of such costs as a condition for the order. In *Lozier's Exrs.* v. *Van Saun's Admrs.,* 3 N. J. Eq. 325, it was held that a bill for interpleader would lie, although plaintiffs had suffered final judgment to be taken against them in an action at law, to which they could make no complete defense at law. The case at bar is analogous to the New Jersey case, in that this plaintiff could take no steps in the justice's court to compel an interpleader. In *Fox* v. *Sutton,* 127 Cal. 515, [59 Pac. 939], Fox had accounted to the probate court for certain money as the property of the estate, and yet was allowed to compel the widow of the deceased to interplead with persons claiming the money adversely to the estate. By accounting to the court for the money as property of the estate, he had, in a sense, taken a position antagonistic to the claim of the other claimants;

yet, as he had no personal interest in the fund, he was permitted to deposit the money in court, and the claimants were compelled to interplead.

We think the court erred in sustaining the demurrer to the complaint, and the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Harrison, P. J., and Cooper, J., concurred.