MAURICE ROBERTS *vs.* UNITED STATES TRUST COMPANY, Harry S. Brown, claimant.

Suffolk.    October 21, 1919. — December 1, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Interpleader, Parties. *Interpleader. Contract,* Implied. *Agency. Bills and Notes.*

In an action of contract against a bank to recover money alleged to have been paid to the defendant by mistake, the defendant, alleging that it had received the money from the plaintiff as an indorser upon a note which had been placed in its hands for collection by the holder thereof, petitioned under R. L. c. 173, § 37, that such holder be made a party defendant. The petition was allowed and the holder filed a claim and, in answer to interrogatories put to him by the plaintiff, stated that the bank had collected the amount of the note from the plaintiff for him and shortly thereafter had placed the amount to his credit at the bank, and that, at a date after the date of the writ, he had given the bank the amount of the note and protest fees to be held by it pending the disposition of the action. The judge found that the claimant's claim was maintained. *Held,* that the bank had acted merely as an agent of the claimant and held the money as a mere stakeholder, that the claimant properly was before the court under R. L. c. 173,·§ 37, and that the finding of the judge was warranted.

At the trial of a claim filed by one summoned as a new defendant in interpleader proceedings under R. L. c. 173, § 37, the original defendant is not a party, and therefore testimony tending to show statements made by the original defendant to the plaintiff's attorney after the action was brought and relating to matters material in the action, is inadmissible because the evidence is hearsay.

CONTRACT, with a declaration in two counts, alleged to be for the same cause of action, the claim set forth in the first count being for $101.60, money had and received by the defendant to the plaintiff's use, and the allegations in the second count being that, through a mistake of fact, the plaintiff had paid to the defendant $101.60, upon receiving notice from it that the maker of a note, which he had indorsed and which had matured on July 2, 1917, had defaulted in payment, and that the payment was made in ignorance of the fact that, after the plaintiff's indorsement, a prior indorsement by the payee had been erased and for it had been substituted an indorsement by the payee without recourse. Writ in the Municipal Court of the City of Boston dated October 5, 1917.

The writ was returnable on October 13, 1917. On October 22, 1917, the defendant filed a petition for interpleader summoning in Harry S. Brown as a party defendant, stating in substance that the note in question was placed with it "for collection by Harry S. Brown," that, upon default by the maker, it gave notice thereof to the indorsers, of whom the plaintiff was one, "that the plaintiff paid the defendant the amount of the note and protest fees . . . which amount remains in its hands and is undisputed; that it admits its liability therefor to the person entitled thereto and has no interest in the subject matter of the controversy except to perform its contract in the premises; and that the said Harry S. Brown claims said amount of $101.60."

Brown was summoned in and filed an answer claiming the fund, alleging that it was "paid by the plaintiff to the defendant, the United States Trust Company, in payment of the note declared on by the plaintiff's declaration in that he, the plaintiff [claimant] became a holder of said note for a valuable consideration prior to the date of its maturity and in that the said defendant acted as his agent in collecting the amount due on said note from the plaintiff." By an amendment, Brown denied generally the allegations of the declaration.

The record shows the following interrogatories propounded by the plaintiff to the claimant and his answers thereto:

"Interrogatory 4. Please state when did you leave the said note with the United States Trust Company for collection? Answer 4. About the last week of June. Interrogatory 5. Please

state whether or not you was informed by the said United States Trust Company that it did collect the amount due on said note? Answer 5. Yes. Interrogatory 6. If the answer to the preceding interrogatory is answered by you in the affirmative, please state when the said United States Trust Company did inform you of its collection of said note. Answer 6. About one week after the note matured. Interrogatory 7. Please state whether or not the said United States Trust Company paid over to you the amount collected by it on said note, and if so, when did the said United States Trust Company pay to you the said amount collected by it on said note? Answer 7. The United States Trust Company owes me the amount of the note. (Further answer.) The United States Trust Company credited me with the amount collected on said note July 5, 1917, and that on October 20, 1917, I gave the United States Trust Company $101.60 the amount of said note including protest fees to be held by them pending the disposition of this action."

At the hearing in the Municipal Court, the counsel for the plaintiff under oath testified that he spoke to the president of the United States Trust Company in relation to payments made by the United States Trust Company to the claimant, and that he "referred me to the secretary of the said United States Trust Company who was then in charge of its business," that the secretary told him that the United States Trust Company paid to the claimant in this action on July 5, 1917, the amount of money collected by it on a note left by the claimant for collection with it, and that the books of the United States Trust Company showed that there was an entry made that on July 5, 1917, the claimant was credited with the amount of the note collected by the United States Trust Company left by the claimant for collection. He further testified that the secretary of the United States Trust Company informed him that he could not produce the books in court to show the entries of payment made to the claimant because they were too bulky and that therefore he gave to the witness a statement in writing which was offered in evidence. This evidence was excluded.

The plaintiff made requests for rulings, which, with the action of the judge thereon, were as follows:

"1. That upon all the evidence offered at the hearing on said

motion to dismiss the claimant's claim and upon the evidence apparent on the record of this case, namely the claimant's answers to the plaintiff's interrogatories on file in said action, to wit: 'That the United States Trust Company credited the claimant with the amount collected on the note on July 5, 1917,' the claimant cannot maintain his claim and the plaintiff's motion to dismiss the claimant's claim should be sustained and the claimant's claim on file on record in this case be dismissed." The judge refused this ruling.

"2. That if the claimant left a note for collection with the defendant United States Trust Company and if the defendant collected said note on July 5, 1917, and on the same date credited the claimant with the amount of the proceeds of said collection and the claimant accepted said credit, the claimant cannot legally become a claimant to money deposited with the court by the defendant after the defendant had paid and credited the claimant with the amount and make a valid claim on the said amount deposited in court by the defendant after the defendant had previously credited the said amount to the claimant and the claimant had accepted the said credit from the defendant." The judge refused this ruling.

"3. That if the claimant accepted a credit of the defendant, an amount it collected for the claimant and credited the said amount to the claimant on July 5, 1917, and that if several weeks after this action was commenced the claimant on October 20, 1917, gives to the defendant a sum of money equal to the amount he had previously received from the defendant, said amount to be held by the defendant pending the disposition of this action, the above stated transaction does not entitle the claimant to become a party claimant in this action under the provisions of the statutory interpleader as therein provided." The judge refused this ruling.

"4. That if the claimant leaves a note for collection with the defendant and the defendant collects the said note and on July 5, 1917, pays the claimant the proceeds of said note and gives him credit on the same date of its collection, then if after said date suit is brought against the defendant and that after several weeks after the commencement of said suit, the claimant gives to the defendant the amount it previously received from it to be

held by the defendant pending the disposition of said action, said act is an independent act between the defendant and the claimant and does not create such legal obligation that the claimant can become a bona fide claimant." The judge ruled, "Not so found."

"5. That the giving of money by a claimant to a defendant in an action who is to hold said money pending the disposition of said action does not entitle the said claimant to come to court and make a legal claim in accordance with the provisions of the statute relating to interpleaders." The judge granted this ruling.

"6. That if a person who gives money to a party who became defendant in an action after suit was commenced against the said party for the sole purpose that the said person giving the said money which was deposited in court by the defendant, is not such a claimant as was intended by the statutes relating to interpleaders." The judge ruled, "Not so found."

After the proceedings described in the opinion, an order was entered in the Municipal Court that the claimant's claim be maintained, and the case was reported to the Appellate Division. The Appellate Division dismissed the report; and the plaintiff appealed.

R. L. c. 173, § 37, is as follows: "If, in an action at law, the defendant admits his liability, and the amount thereof is not disputed, but it appears that such amount is claimed by the husband or wife of the plaintiff or by any person other than the plaintiff and that the defendant has no interest in the subject matter of the controversy, the court may, upon the petition of the defendant, stating the names and residences of all known claimants and the amount actually due from the defendant, and after such notice as the court shall order to the plaintiff and to such claimants, order such claimants to be made defendants, and shall thereupon hear and determine the rights of the respective parties in and to said amount. The defendant may hold such amount until final judgment, and shall then pay it over in accordance with the order of the court; or he may pay it into court to await final judgment, and thereupon the action shall be discontinued as to the defendant and his liability for said amount shall cease. The costs of the defendant in such case shall be in the discretion of the court, and may be charged upon the fund."

The case was submitted on briefs.

*N. Barnett*, for the plaintiff.

*S. Hurwitz & A. Hurwitz*, for the claimant.

BRALEY, J.    It appears from the transcript of the docket entries and copies of the pleadings and various motions which may be read in connection with the printed record, that, after the defendant's petition for interpleader had been filed and allowed, the money paid into court, and the claimant had appeared and interpleaded, and the court had found in his favor, the presiding judge apparently on his own initiative ordered a new trial as shown by the following order: "A new trial is herewith granted for the sole purpose of a hearing on the petition for interpleader, on condition that the court may make such new disposition of the case as is warranted by the evidence heretofore heard and the rulings requested under the plaintiff's declaration, the defendant's answer and the claimant's claim, the plaintiff's right of appeal and to report from said new disposition being preserved." The case thereafter came on for a hearing before another associate judge on the plaintiff's motion to dismiss the claimant's claim, who after a hearing "made the following finding, . . . The claimant's claim maintained," and reported the case to the Appellate Division, which dismissed the report. The plaintiff thereupon appealed to this court on the grounds, that he was "aggrieved by the exclusion of the evidence and the offer of proof made by him at said hearing, . . . and by the refusal of the court to rule as requested," and "by the . . . order, that the claimant's claim maintained."

The printed record, even when supplemented, is indefinite and uncertain almost to the point of complete obscurity. The transcript of the docket entries shows these entries: "Mch. 16, 1918. Court finds for Clt. in Interpleader. Memo of rulings filed." "Mch. 19, 1918. Plff. files Req. for Report." "Mch. 22, 1918. Draft Report filed." "Apr. 15, 1918. Motion to Amend Claimant's Answer filed & All'd." "June 10, 1918. Plffs. Motion for New Trial filed heard & denied." "June 11, 1918. Plff. files Req. for Report." "June 21, 1918. New Trial ordered by trial judge, for sole purpose of a hearing on petition for interpleader." "June 25, 1918. Motion to Dismiss Claim of Clmt Brown, heard & reserved, Bennett, J." "June 28, 1918. By order of Court, Bennett, J., Mo. to Dis. Clmts. Claim, disch.

from further consideration and without prejudice." "July 16, 1918. Plff. files motion for change venue." "Sept. 13, 1918. Clts. Claim maintained. Req. for Rulings filed by Plff. Memo. of rulings made." "Sept. 14, 1918. Plff. files Req. for Report & Draft Report," which having been allowed is the report before us on the appeal.

The record shows that the defendant had no pecuniary interest in the controversy, and having admitted liability and the amount in dispute being claimed by Brown who had been summoned in, the defendant was properly allowed to deposit the money with the court and Brown was rightly admitted as claimant. R. L. c. 173, § 37. *Converse* v. *Ware Savings Bank,* 152 Mass. 407. *Burr* v. *Commonwealth,* 212 Mass. 534. See St. 1916, c. 174, § 2.

We treat the motion to dismiss and the hearing thereon as a trial of the merits.

The judge was warranted in finding from his answers to the plaintiff's interrogatories, that the claimant had left the promissory note with the defendant for collection, and after collection from the plaintiff credited the claimant with the proceeds. While the date of the writ can be ascertained from the transmitted copy it does not appear that any service was ever made. But if it be assumed as set forth in the declaration that the plaintiff as an indorser paid the money under mistake and upon discovery of the mistake sued to recover the amount, and that after service the claimant returned to the defendant the proceeds with the costs of protest to be held pending the disposition of the case, the defendant had acted only as the claimant's agent. It held the money as a mere stakeholder.

The first, second and third requests were properly denied. The fourth and sixth requests are disposed of by the judge's statement, that he did not find the facts to be as assumed in the requests. The rulings on the admission of evidence also were correct. The trial was between the plaintiff and the claimant, and the statement in writing, or certificate of the defendant's secretary, that such credit had been given, the introduction of which was put on the ground of corroborating the claimant's answers which were uncontradicted, were inadmissible. The conversations and the statement of the secretary were hearsay.

It follows that, the finding that the claimant's claim had

been maintained in so far as the question is one of fact having been warranted by the evidence, and no error of law being shown, the order of the Appellate Division dismissing the report must be affirmed.  St. 1912, c. 649, § 8.

*So ordered.*