The First National Bank of Portland

*vs.*

Edward C. Reynolds and George H. Stanwood, Administrators of the Estate of John W. Minott

AND

Frank L. Minott, Executor of the Will of Eliza D. Minott.

Cumberland.      Opinion October 8, 1928.

342

*Verrill, Hale, Booth & Ives*, for plaintiff.

*Robinson & Richardson*, for defendant Edward C. Reynolds, Admr., etc.

*Joseph E. F. Connolly*,

*Clinton D. Palmer*, for defendant Frank L. Minott, Executor.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

PATTANGALL, J.   On exceptions and appeal. Bill of interpleader. Defendant Frank L. Minott, hereinafter referred to as executor, demurred to plaintiff's bill. Demurrer was overruled, bill sustained, and exceptions taken.

The subject matter of the suit was a fund deposited with plaintiff by executor's testate, who was, in her lifetime, executrix of the will of John W. Minott, of whose estate defendants Reynolds and Stanwood, hereinafter referred to as administrators, are now administrators d.b.n.c.t.a. Hearing was had on the merits and final decree entered ordering plaintiff to turn over the fund to administrators. Executor appealed and the matter comes to this court; first, on exceptions to the overruling of the demurrer; and second, if exceptions be not sustained, on appeal from the final decree.

The bill recites that Eliza D. Minott, widow of John W. Minott, who died June 23, 1908, was appointed executrix of John W. Minott's will on July 21, 1908, and that under the terms of the will, Mrs. Minott was given a life interest in the residue of the estate, with power to use the principal if the income was insufficient for

her reasonable support and maintenance, the remainder, after her decease, being given to various persons.

Mrs. Minott died May 19, 1910, and defendants Reynolds and Stanwood became administrators d.b.n.c.t.a. of the estate of John W. Minott. Defendant Frank L. Minott is executor of her will.

On July 15, 1908, Mrs. Minott deposited with plaintiff $455.60, making the deposit in the name of "Eliza D. Minott, executrix." At various times thereafter, additions to and withdrawals from this deposit were made and interest accumulated upon the balance, so that, at the time the bill was brought, it amounted to $1,534.32. Plaintiff had no knowledge as to the source of any of the deposits.

Defendants Reynolds and Stanwood as administrators notified plaintiff that they claimed the deposit as a part of the estate of John W. Minott.

Frank L. Minott, as executor, claimed the deposit as a part of the estate of Eliza D. Minott and threatened to bring suit unless it was paid over to him at once.

Plaintiff asserted that it could not safely pay the money to either and offered to bring the amount into court for the benefit of the rightful claimant and to pay as directed by the court.

Executor in support of his exceptions urges that the remedy of interpleader requires four elements: (1) The same thing, debt or duty must be claimed by all the parties against whom relief is demanded; (2) all of their adverse titles or claims must be dependent or derived from a common source; (3) the person asking the relief must not have nor claim any interest in the subject matter; (4) plaintiff must have incurred no independent liability to either of the claimants, citing 4 Pomeroy's Equity Jurisprudence (3rd Ed.), Sec. 1322; 1 Words and Phrases (2nd Ed.), 745; Whitehouse Eq. Pl. & Pr., 237; 2 Story Com. Eq. Pl., 124; 15 R. C. L., 224. He claims that the allegations of the bill do not state a case which embraces the second and fourth of these essential elements and that, therefore, the court below erred in overruling his demurrer.

His contention is that the original deposit of July 15, 1908, and the subsequent deposits, unidentified as to their source, import a contract on the part of the plaintiff bank to recognize the title of the depositor to the fund; that Eliza D. Minott was the depositor, the word "executrix" being mere descriptio personae; and that the

relation of debtor and creditor exists between the bank and the legal representatives of Eliza D. Minott, so that plaintiff has incurred an independent liability to one claimant. And further, that the administrators' claim to the fund, being based upon the theory that it is a part of the estate of John W. Minott, while the executor's claim is based upon the theory that the fund was the personal property of Mrs. Minott, there is no privity between the two claimants, but their titles are independent, not derived from a common source, and each asserted as wholly paramount to the other.

Furthermore, executor insists that the bill will not lie because of the provisions of Sec. 5, Chap. 150, P. L. 1923, which he construes as providing an adequate and exclusive remedy in such a case as this, the statute apparently having been passed to relieve banks from liability to irresponsible claimants and to protect legitimate claimants from unnecessary litigation.

Defendant's objection that the bill must be dismissed because plaintiff does not come within the rule that, in order to be entitled to the relief prayed for, it must have incurred no independent liability to either defendant, cannot be sustained. He bases this conclusion on the premise that as he is the legal representative of Mrs. Minott and Mrs. Minott was the depositor of the fund in question, the relation of debtor and creditor exists between the bank and himself and that this contractual relation, thus established, is sufficient to warrant the court to refuse to entertain the bill.

This conclusion is not justified. The mere fact that a contractual relation exists between plaintiff and one of the defendants under which the fund is required to be paid to such claimant does not of itself defeat the right of interpleader. *Love* v. *Hartford Life Ins. Co.*, (Mo.) 132 S. W., 335. If such were the law, it would be difficult to conceive of any set of facts which would enable a bank, a trustee, or other custodian of funds or even a bailee to maintain interpleader. The obligation referred to in the rule must be independent of the title or right of possession of the fund or property in question.

"A bank may be entitled to relief by bill of interpleader against separate and adverse parties who claim title to moneys therein deposited." *City Bank of New York* v. *Skelton et al*, (N. Y.) Fed. Cas., 2739. "The independent obligation covered by the rule must

be such that the litigation between the defendants will not determine it, in order to warrant the dismissal of the bill." *Byers* v. *Sansom-Thayer Commission Co.*, 111 Ill. App., 580. The instant case does not offend the rule in this respect.

Nor can we agree that the demurrer should have been sustained on the ground that Sec. 5, Chap. 150, P. L. 1923, provides a complete, adequate and exclusive method by which disputes concerning the title to bank deposits may be determined. That statute was intended to supplement, not to supersede, interpleader. It may be applied where interpleader will not lie. It is not unlikely that it might be properly invoked in certain cases in which interpleader would be an appropriate remedy. It is permissive. It provides one means by which the title to a bank deposit may be, under some circumstances, litigated. There are still other methods to reach that end. One of them is pointed out in *Hatch* v. *Caine*, 86 Me., 282. But the remedy of interpleader is still an appropriate remedy, where interpleader will lie, notwithstanding the adoption of the statute in question.

The executor, however, raises a further and more serious objection to the maintenance of the bill. He says that it must be dismissed because the adverse claims set up by the defendants are not dependent nor derived from a common source; that there is no privity between the claimants; that each asserts a title wholly paramount to the other and that in such a case plaintiff is not entitled to equitable relief but must leave the parties to their legal remedies.

Paragraph 7 of the bill recites that the administrators claim the deposit "as a part of the estate of the said John W. Minott, which has not yet been administered." Paragraph 8 alleges that the executor claims that "all cash, checks, coupons or other paper deposited to the credit of said account were the property of Eliza D. Minott and that the balance standing to the credit of said account was, at the time of the decease of said Eliza D. Minott and now is the property of her estate."

Plaintiff argues that the rule relied upon by the executor has been, of late, somewhat relaxed, and that interpleader has been held an appropriate remedy in certain cases, where the facts were such that, under a rigorous application of the well established principle here invoked, interpleader would not lie.

The argument is not without support. Professor Pomeroy, discussing this feature of interpleader, said (4 Pomeroy's Eq. Jur. 4th Ed., Sec. 3468), "It is a manifest imperfection of equity jurisdiction that it should be so limited. A person may be and is exposed to danger, vexation and loss from conflicting independent claims to the same thing as well as from claims that are dependent and there is certainly nothing in the nature of the remedy which need prevent it from being extended to both classes of demands." And in the notes following the section adds, "It is not surprising therefore that courts have sometimes ignored the doctrine in their decisions or have been ready to admit exceptions to its operation."

To the same effect is the comment in 33 C. J., 435, "The requirement that there should be privity of estate, title or contract between claimants or that their claims must be derived from a common source, is not inherently necessary to the proper administration of the remedy and there has been a disposition to relax the rigidity of the rule in this regard both in England and America, in later times. The validity of the rule has been regarded as doubtful in ordinary actions of interpleader."

11 Ency. of Pl. and Pr., 451, is authority for the proposition that "The doctrine of privity seems to have been abrogated in England partly by statute and partly by judicial decisions. In the United States, according to high authority; the code provisions for interpleader do not recognize the rule and its validity has been regarded as doubtful in ordinary actions of interpleader."

A note in 1 Am. and Eng. Ann. Cases, 513, quotes the rule, citing numerous authorities approving it, but adds "there are decisions of our courts which question its applicability under modern equity practice."

A full discussion of the subject of interpleader is found in 91 Am. St. Rep., 593-614. The particular question involved here is taken up on pages 600 and 601. After reciting the rule and supporting authorities, a somewhat lengthy quotation is given from the opinion in Crane v. McDonald, 118 N. Y., 648, in which Professor Pomeroy's criticism is quoted in full, and the author adds, "Since the adverse claims may arise from such an endless variety of causes, it is difficult to define any limitation which must deprive the holder of the fund or property of his right to be protected. And

this strict rule seems so artificial that we do not hesitate to indorse the dictum of the New York court and the opinion of the well-known writer on equity jurisprudence there quoted."

In 15 R. C. L., 226, commenting on the suggestion already noted as frequently appearing in editorial notes that the rule has been somewhat relaxed in recent years, the author says, "On the other hand it is said that the inclination thus to relax the rule is founded largely upon statutory provisions, is by no means general and amounts to a criticism of the rule rather than a repudiation of it."

An examination of decided cases is complicated by the fact that in very many states interpleader is now regulated by statute and frequently the statutory provisions are especially aimed to enlarge the jurisdiction of the equity court on the lines suggested by Professor Pomeroy and Mr. Freeman. Analysis of the various decisions not depending upon statutes leads to the conclusion that the comment in R. C. L., *supra*, is an accurate statement of the real situation and that there are very few well considered cases either in England or America in which the rule has been disregarded or even relaxed. When such appears to be the case, careful examination, in almost every instance, discloses that the decision is based upon a statute; as in *Meynell* v. *Angell;* Calverly, Claimants, 139 Rev. Rep., 719, governed by the Common Law Procedure Act of 1860 ; *Fox* v. *Sutton,* 59 Pac., 939, and other California cases controlled by Sec. 386 of the Code of Civil Procedure as amended in 1881 ; *Crane* v. *McDonald,* 23 N. E., 991, and many more decisions of the New York courts based on code provisions and cases in other states which have enacted similar legislation. These cases are frequently cited as instances of the relaxation of the rule.

The privity rule is sustained in *Love* v. *Hartford Ins. Co.,* supra; *Runkle's Admr.* v. *Runkles Admr.,* (Va.) 72 S. E., 695; *Gibson* v. *Goldthwaite,* (Ala.) 42 Am. Dec., 592 ; *Ranch et al Appts.* v. *Ft. Dearborn National Bank,* (Ill.) 79 N.E., 273 ; *U. S. Trust Co.* v. *Wiley,* 41 Barb., 477 ; *German Exchange Bank* v. *Excise Com.,* 6 Abb. N. C., 394 ; *Republic Casualty Co.* v. *Fischman et al,* (N. J. Ch.) 134 Atl., 179 ; *Atlantic City Nat. Bank* v. *Thompson et al,* (N. J. Ch.) 87 Atl., 636 ; *Byers* v. *Sansom Thayer Comm. Co. et al,* supra; *Northwestern Mutual Life Ins. Co.* v. *Kidder,* (Ind.) 1 Am. and Eng. Ann. Cases, 509 ; *First National Bank of Morris-*

*town* v. *Bininger et als*, 26 N. J. Ch., 345; *Packard* v. *Stevens*, 58 N. J. Eq., 502; *Wells Fargo Co.* v. *Miner et al*, 25 Fed. Rep., 533; *Third National Bank of Boston* v. *Skillings, Whitney and Barnes Lumber Co.*, 132 Mass., 410, and numerous other cases. The doctrine laid down in these cases, so far as it is pertinent here, is stated in general terms in a note, 10 L. R. A. (N. S.), 754, "The consistent rule would seem to be that the bank cannot force its depositor and a stranger to interplead but that it may compel interpleader where the title of the third person was alleged to have been derived from the depositor." In the absence of statutory enactment in this state, we hold the rule binding upon this court. As was well said in *First National Bank* v. *Bininger*, supra, "We cannot break through a rule so firmly established as to be, in the judgment of Judge Story, no longer open to discussion."

But the application of the rule is often attended with difficulty. Many of the apparent inconsistencies in the decisions are reconciled if they are examined in the light of the following statement: "It will be noticed that, even in the statements of the law upholding the rule in all its strictness it is only in cases where there is 'no privity' between the claimants, and that only when the title one asserts is 'wholly paramount' to, and 'independent' of, the other, that the remedy is denied. And an examination of the cases denying the right of interpleader on this ground will disclose that what is meant is that the conflicting titles and claims are so wholly independent of, unrelated, and antagonistic to, each other as to destroy, contradict, or defeat the right by which the one asking for the interpleader holds possession of the thing in controversy." *McGinn* v. *Interstate Nat. Bank*, (Mo.) 166 S. W., 346. To put the idea in slightly different words — in order that interpleader will lie, it must appear that the claimants agree that the fund or property in dispute came lawfully into the hands of the stakeholder; in the case of a bank that the depositor had authority to make the deposit; in the case of a bailment that the bailor rightfully placed the property in the hands of the bailee.

It is only with this view of the law in mind that one is enabled to reconcile such cases as *Third National Bank of Boston* v. *Lumber Co. et al*, supra, and *Fairfield Savings Bank* v. *Small et al*, 90 Me., 546. In the former case a deposit made by one defendant, in his

own name, was claimed, after depositor's death, by his employer as its property. The bank interplead depositor's executrix and the employer. There was no suggestion that the deposit was made with the employer's consent nor did the employer admit that depositor had any right whatever to make it. The claim of the defendant Lumber Company amounted to a denial of the right of the bank to have received the deposit, in the first instance. The bill was dismissed for want of privity.

In the latter case, a deposit made by a wife was, after her death, claimed by her husband. The bank interplead the husband and the administrator of the depositor. It was admitted that the deposit was made in the wife's name with the knowledge and consent of the husband. Our court sustained the bill, specifically finding that "all of the essential requirements upon which the equitable remedy of interpleader depends, were satisfactorily established."

The line which separates these cases appears to be that suggested in *McGinn* v. *Bank*, supra, and this view is confirmed by the position taken by the Massachusetts court in *Fairbanks* v. *Belknap*. 135 Mass., 179, in which the finding in *Nickolson* v. *Knowles*, 5 Madd., 47, is approved, that interpleader will not lie when a title paramount to that under which a party consented to receive property is asserted.

So far as banks are concerned, the situation in Massachusetts has been relieved by the enactment of statutes which permit interpleader in cases where it would not otherwise lie. *Phillips* v. *Suffolk Savings Bank*, 219 Mass., 597 ; *Roberts* v. *Trust Co.*, 234 Mass., 224.

The present case neither requires the aid of a statute nor a relaxation of the rule to sustain it. It falls within the rule, properly interpreted. There is no assertion on the part of either defendant of a claim which is, in any way, antagonistic to plaintiff's right of possession. No title is asserted paramount to that under which the bank received the property. Whether Mrs. Minott deposited her own funds, as executor claims, or deposited estate funds, as administrators claim, she had an absolute right to make the deposit and the bank rightfully received it. Both defendants claim the same fund, through the same depositor. True, they differ as to whether the depositor was acting in a personal or in a fiduciary capacity

when she made the deposit, but not as to her right to make it. The bank, under these circumstances, is a mere stakeholder, without interest in the fund, ready and willing to pay it over to the legal representatives of its depositor, when it can be informed who those legal representatives are. The bank cannot decide whether its depositor was Eliza D. Minott, the individual, or Eliza D. Minott, executrix of the estate of John W. Minott. It cannot decide whether the executor or the administrators are the legal representatives of its depositor. Defendants have raised that issue. The bank was fully justified in submitting it to the court, by bill of interpleader. Exceptions to the overruling of executor's demurrer cannot be sustained.

Defendants were properly ordered to interplead, answers were filed and hearing was had. On the evidence submitted, the court below found that the fund in question was the property of the estate of John W. Minott and ordered it paid to the administrators. We cannot disturb this finding. It is only when unsupported by evidence that findings of fact by a single justice, sitting in equity, may be reversed by this court. That situation does not obtain here.

Executor raises one more objection. It was decreed that plaintiff should retain the sum of one hundred sixteen dollars as costs and counsel fees, paying the balance of the fund into court to await its final disposal. The executor regards the allowance of counsel fees as unwarranted. The usual practice in this state has been to award costs and a reasonable counsel fee to plaintiff in interpleader. In some jurisdictions, statutes provide that this shall be done. We have no such statute but the practice prevailing here is not unusual. *Lottery Co.* v. *Clark,* 16 Fed., 20 ; *McNamara* v. *Ins. Co.,* 114 Fed., 910 ; *Trustees* v. *Greenough,* 105 U. S., 535 ; *Daniel* v. *Fain,* 5 Lea (Tenn.), 258 ; *Morse* v. *Stearns,* 131 Mass., 389 ; *Woolen Mill Co.* v. *Sprague,* 259 Fed., 338. Such an allowance is, however, a matter of discretion and not of right. *Gardiner Savings Institution* v. *Emerson,* 91 Me., 535. In the instant case the discretionary power of the court, in this respect, was not exceeded.

*Exceptions overruled.*
*Appeal dismissed.*
*Decree below affirmed.*