LOFTIN COTTON, PLAINTIFF IN ERROR, v. THE UNITED STATES.

The United States have a right to bring an action of trespass *quare clausum fregit* against a person for cutting and carrying away trees from the public lands.

THIS case was brought up, by writ of error, from the District Court of the United States for the Northern District of Florida.

It was an action of trespass *quare clausum fregit*, brought by the United States, for cutting trees upon the public lands, commenced in the Superior Court of West Florida in 1844, to which the defendant pleaded not guilty on the 26th of March, 1845. The cause remained pending in said court until the 15th of January 1848, when, in pursuance of the act of the 22d of February, 1847, ch. 17, § 8, it was transferred to the United States District Court for the Northern District of Florida, and was ordered to stand for trial at the ensuing March term.

At that term the defendant appeared, and on leave filed a

demurrer to the declaration, which, after argument, was over-ruled, and the cause set down for trial on the plea of not guilty.

The cause having come on, the defendant requested the court to charge the jury, —

1st. That the only remedy for the United States for cutting pine timber on the public lands was by indictment.

2d. That the United States have no common law remedy for private wrongs.

3d. That the right of the United States to bring this action must be derived either from an act of Congress or from the law of some State in which the contract was made by which it acquired the property on which this trespass is alleged to have been committed.

4th. These lands were acquired by treaty from Spain, and that the United States has no common law remedy for tres-pass committed thereon. And that, Congress not having au-thorized the exercise of this remedy, the plaintiff ought not to recover any damages.

Which charge the court refused to give ; whereupon the de-fendant excepted.

The jury found the defendant guilty of the trespass, and assessed the damages of the United States at $ 362.50, for which amount, and $ 122.22 costs, judgment was entered up. A motion in arrest of judgment was overruled.

The Supreme Court having, at the last term, decided that it had jurisdiction in cases like this, under the act of the 27th of February, 1847, without reference to the amount in controver-sy, the case now came before the court on the points raised by the bill of exceptions.  9 How. 579.

It was argued by *Mr. Walker*, for the plaintiff in error, and *Mr. Crittenden* (Attorney-General), for the United States.

*Mr. Crittenden.*

For the proper understanding of the points in the case, it is necessary to call the attention of the court to the act of the 2d of March, 1831 (4 Statutes at Large, 472), which was be-fore it at the last term in the case of The United States v. Briggs, 9 Howard, 351, in which it was decided, that the cut-ting or procuring to be cut, removing or procuring to be re-moved, or aiding, or assisting, or being employed in the cut-ting of all descriptions of timber trees on the public lands, is an indictable offence under the said act, and punishable by fine and imprisonment.

No defence arising out of the passing of this act was pleaded either by way of abatement or specially.

The United States have the same right as any other proprietor to sue for trespasses on the public lands, and that right is not merged or lost by such trespasses having been made an offence punishable by indictment under the act of 1831. Dugan v. United States, 3 Wheat. 181; United States v. Gear, 3 Howard, 121; Manro v. Almeida, 10 Wheat. 494; Cross v. Gurthrie, 2 Root, Con. R. 90; Smith v. Weaver, 1 Taylor, 58; Blassingame v. Glaves, 6 B. Monroe, 38; Foster v. The Commonwealth, 8 Watts & Serg. 77.

Mr. Justice GRIER delivered the opinion of the court.

This is an action of trespass *quare clausum fregit* brought by the United States against Loftin Cotton, in which he is charged with cutting and carrying away a large number of pine and juniper trees from the lands of plaintiff.

On the trial below, the counsel for defendant requested the court to instruct the jury, 1st. " That the only remedy for the United States for cutting pine timber on the public lands was by indictment." 2d. " That the United States have no common law remedy for private wrongs." The refusal by the court to give these instructions is now alleged as error.

Every sovereign State is of necessity a body politic, or artificial person, and as such capable of making contracts and holding property, both real and personal. It is true, that, in consequence of the peculiar distribution of the powers of government between the States and the United States, offences against the latter, as a sovereign, are those only which are defined by statute, while what are called common law offences are the subjects of punishment only by the States and Territories within whose jurisdiction they are committed. But the powers of the United States as a sovereign, dealing with offenders against their laws, must not be confounded with their rights as a body politic. It would present a strange anomaly, indeed, if, having the power to make contracts and hold property as other persons, natural or artificial, they were not entitled to the same remedies for their protection. The restraints of the Constitution upon their sovereign powers cannot affect their civil rights. Although as a sovereign the United States may not be sued, yet as a corporation or body politic they may bring suits to enforce their contracts and protect their property, in the State courts, or in their own tribunals administering the same laws. As an owner of property in almost every State of the Union, they have the same right to have it protected by the local laws that other persons have. As was said by this court in Dugan v. United States, 3 Wheat. 181, " It would be strange to deny them a right which is secured to

every citizen of the United States." In the United States v. The Bank of the Metropolis, 15 Peters, 392, it was decided that when the United States, by their authorized agents, become a party to negotiable paper, they have all the rights and incur all the responsibilities of other persons who are parties to such instruments. In the United States v. Gear, 3 Howard, 120, the right of the United States to maintain an action of trespass for taking ore from their lead mines was not questioned.

Many trespasses are also public offences, by common law, or are made so by statute. But the punishment of the public offence is no bar to the remedy for the private injury. The fact, therefore, that the defendant in this case might have been punished by indictment as for a public offence, is no defence against the present action. Whether, if he had actually been indicted and amerced for this trespass in a criminal prosecution in the name of the United States, such conviction and fine could be pleaded in bar to a civil action by the same plaintiff, is a question not before us in this case, and is therefore not decided.

The judgment of the District Court is therefore affirmed.

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Northern District of Florida, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with damages at the rate of six per centum per annum.