GEORGE HATCH, Administrator *de bonis non*, with will annexed, of estate of JOSEPH Storer,

*vs.*

URIAH A. CAINE, Administrator of estate of OLIVE H. STORER.

YORK.   Opinion March 8, 1894.

*Will.   Life-Estate, with power of disposal.   Residuum.*

A testator gave by will to his widow the rest and remainder of his estate for her own use and benefit during her life, with full power to sell and convey and to use the principal if, in her judgment, her comfort required it, she to be the sole judge of the amount needed and having the right to spend the whole if she deemed it necessary.   Whatever remained not so disposed of at her decease he gave to the Baptist Home Mission Society.   *Held*, that the widow took only a life-estate and whatever remained of the estate at her decease went to the beneficiary last named

A part of the undisposed estate consisted of funds in a savings bank deposited by the widow in her own name without having been commingled with her own money.   *Held*, that the deposit belonged to the estate of the testator, and that a bill in equity may be maintained to obtain possession of it.

ON REPORT.                     .

This was a bill in equity, inserted in a trustee writ, by an administrator *de bonis non*, to recover the possession and control of a sum of money in the Kennebunk Savings Bank, and which the plaintiff claimed was a part of the estate of Joseph Storer, the deceased testator, left unadministered by the ex-

ecutrix, his widow, the plaintiff's predecessor in office of whose estate the defendant is administrator.

The case was heard on bill, answers and testimony.

The material portions of the will of said Storer which came up for construction by the court are as follows :

"I give and bequeath and devise to my beloved wife, Olive H. Storer, all the rest and remainder of my estate to have and to hold the same to her own use and benefit during her life, with full power to sell and convey or exchange any or all of it, and to use the principal thereof, if in her judgment her comfort requires it ; she to be the sole judge of the amount needed and having the right to spend the whole if she deems it necessary."

"And whatever remains at her decease, of said estate not disposed of by her, it is my will shall be given to the Baptist Home Mission Society, for the education of indigent young men of the African race preparing for the ministry, and members in good standing in Baptist churches." . . .

*John M. Goodwin,* for plaintiff.

*Benj. F. Hamilton and Benj. F. Cleaves,* for administrator, Caine, argued :

That the bill of complaint is not brought by the proper party, but should have been brought, if at all, by the legatee under the will, there having been an act of administration which took from the administrator *de bonis non* any rights which he may have had in the property. Woerner's Am. Law Adm. p. 744-5, § 351 ; *Waterman* v. *Dockray,* 78 Maine, 141.

That it is prematurely brought, defendant having a right, and in law being bound to file and settle Mrs. Storer's account in probate court, and not having had opportunity to do the same. Waterman Prob. Prac. 2d. Ed. p. 186 ; A. & E. Ency. Vol. 7, p. 423, note ; *Curtis* v. *Bailey,* 1 Pick. 199 ; *Woodbury* v. *Hammond,* 54 Maine, 343.

That upon the decease of Joseph Storer his widow came into absolute ownership of all his property after the payment of his debts and two specific legacies. *Ide* v. *Ide,* 5 Mass. 503 ; *Hale* v. *Marsh,* 100 Mass. 469 ; *Gifford* v. *Choate, Id.* 346 ; *War-*

*ren* v. *Webb*, 68 Maine, 135 ; *Burbank* v. *Whitney*, 24 Pick.
146 ; *Ramsdell* v. *Ramsdell*, 21 Maine, 293 ; *Shaw* v. *Hussey*,
41 Maine, 499.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL,
WHITEHOUSE, JJ.

WALTON, J.    This is a suit in equity by an adminstrator, *de
bonis non cum testamento annexo*, to obtain possession of money
deposited in a savings bank.    He claims that the money belongs
to the estate which he represents.

The testator's widow was his executrix.  ˙ By the terms of the
will she was given a life-estate in most of his property.    She
was given the power to use so much of the principal as in her
judgment her needs and her comfort required.    But the will
declared that whatever remained at her decease should go to the
Baptist Home Mission Society.    The widow died, leaving in
the Kennebunk Savings Bank $1800, and some accrued divi-
dends.    The money was deposited in her name, but it undoubt-
edly belonged to her husband's estate.    The evidence shows
that it had been collected from a debtor of her husband, and
immediately deposited in the bank without having been com-
mingled with her money.    The right to the possession of this
money furnishes the subject matter of this suit.    The plaintiff
claims that it belongs to the estate which he represents, and the
defendant claims that it belongs to the estate which he rep-
resents.    The plaintiff has possession of the bank book ; but,
as the money is deposited in the name of the testator's widow,
he cannot obtain it without an order from the widow's adminis-
trator ; and the prayer of the bill is that the latter may be
required to give such an order.    We think the plaintiff is
entitled to the order prayed for.

It is settled law in this State that, under wills similar to the
one now before us, the widow takes only a life estate, and
that whatever remains of the estate at her decease, goes to the
beneficiaries named in the will ; and that a bill in equity may be
maintained by the administrator *de bonis non cum testamento
annexo*, to obtain possession of the remainder.    *Hall* v. *Otis*,

71 Maine, 326; *Stuart* v. *Walker*, 72 Maine, 145; *Copeland* v. *Barron*, 72 Maine, 206; *Whittemore* v. *Russell*, 80 Maine, 297.                     *Decree as prayed for.   No costs.*