(85 South. 473)

### MODERN ORDER OF PRÆTORIANS v. MERRIMAN et al. (4 Div. 849.)

(Supreme Court of Alabama. April 22, 1920.)

1. Interpleader ⬅⟶23—Bill showing on its face that complainant was fully informed of its liability to particular persons held defective.

Bill of interpleader by fraternal benefit society showing on its face that beneficiary had died after insured and that beneficiary's executors were entitled to proceeds, that there was no foundation for adverse claims, and that the society was fully informed of its liability to executors of beneficiary, held not to give court jurisdiction.

2. Insurance ⬅⟶796—Executors of beneficiary dying after insured entitled to proceeds.

Where member of fraternal benefit society died prior to beneficiary, beneficiary's executors were entitled to the proceeds of the certificate, though beneficiary had devised all her personal property to her daughters.

3. Equity ⬅⟶269—Dismissal of bill without giving plaintiff right to amend improper.

Action of court in dismissing bill of interpleader after sustaining demurrer thereto, without giving plaintiff an opportunity to amend, held improper.

4. Interpleader ⬅⟶32—Court not authorized to distribute fund after dismissal of bill of interpleader.

Court had no right after dismissal of bill of interpleader to hold and distribute the fund.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill by the Modern Order of Prætorians against F. W. Merriman and others, as executors, for an intervention. From a decree sustaining demurrers to the bill and administering the funds, complainant appeals. Affirmed in part, and in part reversed and remanded.

The bill alleges that the Modern Order of Prætorians is a fraternal benefit society; that Oliver O. Skipper held a benefit certificate in the order for $1,000 with Callie V. Skipper, his mother, as the beneficiary. It alleges on information and belief that said Oliver O. Skipper was killed in action in France on November 7, 1918, and that Callie V. Skipper, the beneficiary, died on November 8, 1918, leaving a will, naming Martin Luther Skipper and Hiram F. Edwards, as her executors, and Anna Dean, Laura Fain, and Sallie Hayes, her daughters, all her personal property; that she also left surviving her two sons, Martin Luther Skipper and John Skipper, half-brothers of Oliver Skipper. The constitution of the order is set out, and it is alleged that under the constitution Oliver Skipper being unmarried and having no children, and his mother being dead, the brothers and sister are entitled to share in the beneficiary certificate. It further alleges that T. W. Merriman is the father of Oliver Skipper and is now living and has made demand on orator for the amount due. The bill also alleges that the three sisters named above have also made demand. It alleges that the executors of Callie V. Skipper and the two half-brothers mentioned above have made no demands, but have executed their voluntary release and discharge to orator. All the parties above

named in their individual and representative capacity were made parties respondent. The court sustained demurrers and dismissed the bill, but directed that the fund be retained and administered by the court.

C. H. Roquemore, of Montgomery, for appellant.

The bill contained equity, and the court erred in its decree. 7 Ala. 281, 42 Am. Dec. 592; 76 Ala. 472; 86 N. J. Eq. 443, 97 Atl. 276; 99 Atl. 1071; 186 Mich. 284, 152 N. W. 1085; 69 N. J. Eq. 706, 60 Atl. 1122; 65 Pac. 1105; 118 N. Y. 648, 23 N. E. 991; 100 Mo. App. 655, 75 S. W. 377; 112 N. Y. 157, 19 N. E. 649; 80 S. W. 699; 3 Pom. § 1319; 5 Pom. 60; 23 Cyc. 29. Complainant was entitled to attorney's fee. 29 Cent. Dig. 76; Adams, Eq. 206; 11 Enc. P. & P. 475.

J. R. Levy and Sollie & Sollie, all of Ozark, for appellees.

The chancellor properly dismissed the bill. Acts 1915, p. 136; 201 Ala. 28, 75 South. 150; 177 Ala. 371, 58 South. 986. The complainant cannot complain that the court ordered a distribution of the fund. 168 Ala. 278, 53 South. 182; 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860. Under the facts, the bill should have been supported by an affidavit of noncollusion. 112 Ala. 606, 20 South. 851; 96 Ala. 447, 11 South. 480. The agreement with the executors rendered the bill demurrable. 67 Ala. 472; 23 R. I. 1, 49 Atl. 26, 91 Am. St. Rep. 605. There was a misjoinder of parties respondent. 143 Ala. 24, 39 South. 406; 145 Ala. 397, 40 South. 398, 4 L. R. A. (N. S.) 103, 8 Ann. Cas. 218; 139 Ala. 548, 36 South. 729; 23 Ala. 548, 58 Am. Dec. 305; 67 Ala. 472. Counsel was not entitled to attorney's fee. 82 Ala. 213, 2 South. 760; 100 U. S. 483, 25 L. Ed. 628; 195 Ala. 560, 70 South. 733.

ANDERSON, C. J. Mr. Pomeroy, in his great work on Equity Jurisprudence, in recognition of the general rule of equitable jurisdiction to grant the remedy of interpleader independent of statute, in section 1320, vol. 4, 3d Ed., says:

"Where two or more persons, whose titles are connected by reason of one being derived from the other, or of both being derived from a common source, claim the same thing, debt, or duty, by different or separate interests, from a third person, and he, not knowing to which of the claimants he ought of right to render the debt or duty, or to deliver the thing, fears he may be hurt by some of them, he may maintain a suit and obtain against them the remedy of interpleader. In his bill of complaint he must state his own rights and their several claims, and pray that they may interplead, so that the court may adjudge to whom the thing, debt, or duty belongs, and he may be indemnified. If any suits at law have been brought against him, he may also pray that such proceedings be restrained until the right be determined. The object of the suit is, that the conflicting claimants shall litigate the matter among themselves, without involving the stakeholder in their controversy, with which he has no interest. It is plain, therefore, that the plaintiff can obtain no specific relief. So far as he is concerned, upon his filing the bill, and surrendering up the thing or money into the custody of the court, his remedy is exhausted by the decree that the defendants do interplead with each other, and that he be freed from or indemnified against their demands, and that he recover his costs; with the result of their dispute he has no concern. The ground of the jurisdiction is plain. The party seeking the remedy is exposed to the hazard, vexation and expense of several actions at law for the same demand, while he is ready and willing to satisfy that demand in favor of the claimant who establishes his right thereto. For this liability the law furnishes no adequate remedy, and in most instances no remedy whatever."

This equitable remedy is also recognized by our court in the case of Conley v. Alabama Gold Life Ins. Co., 67 Ala. 472.

It is also stated by this eminent writer, in section 1322, that the equitable remedy of interpleader, independent of statutory regulations, depends upon and requires the existence of the four following elements, which may be recorded as essential conditions:

"(1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived from a common source; (3) the person asking the relief—the plaintiff—must not have nor claim any interest in the subject-matter; (4) he must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder."

As to Pleading and Other Procedure, this same writer observes, in section 1328:

"The bill of complaint must contain allegations which show that all of the requisites entitling the plaintiff to the remedy exist in the case. It must allege positively that conflicting claims to substantially the same thing, fund, debt, or duty are set up by the defendants; that plaintiff claims no interest in the subject-matter; that he is indifferent between the claimants, and is ready and willing to deliver the thing or fund, or pay the debt, or render the duty to the rightful claimant, but that he is ignorant or in doubt which is the rightful one, and is in a real danger or hazard by means of such doubt, from their conflicting demands. The bill need not show an apparent title in either of the defendants. On the contrary, if the bill should show that plaintiff was fully informed of the defendants' rights and of his own liability, or if it should show that one of the defendants was certainly entitled, on the facts alleged, to the thing, debt, or duty, in either case it would be demurrable; there would be no ground for an interpleader. It is the settled practice that the bill of complaint

must be accompanied by an affidavit of the plaintiff, stating that the suit is not brought in collusion with either of the defendants; and the omission of such affidavit may generally be taken advantage of by demurrer. The plaintiff must also bring or pay, or offer to bring or pay. the entire thing, fund, or money in controversy into court; an omission to do so renders the bill demurrable. If the bill was properly filed, and if the plaintiff has acted in good faith, he is generally entitled to his costs out of the fund in controversy, which costs, as between the defendants, must ultimately be paid by the unsuccessful party."

[1, 2] The present bill is manifestly defective. In the first place, it shows upon its face that complainant is fully informed of its rights and its liability to the executors of insured's mother, and that neither of the alleged claimants are entitled to the fund; that is, the father of the insured or the three sisters who were made the legatees under their mother's will as to the personal property. The bill avers that the assured was killed the day before his mother died. If this be true, under the terms of the policy she was the beneficiary, and under her will the executors were entitled to collect the fund, notwithstanding the testatrix devised all of her personal property to the three daughters. The bill does aver that the persons who were named as executors do not claim the fund, that is, that they as individuals or heirs do not claim the fund; but there is no averment that they as executors do not claim said fund or have renounced their right to same, as the legal representatives of the mother under said will. The bill also fails to show any foundation for the claim of the father. It may be true that under the facts set out the father would be the beneficiary under the policy if the mother died prior to the death of the son, but the bill avers that the son died on the 7th and the mother on the 8th of the same month and year, and it sets up no facts making this question doubtful or uncertain, and makes out no case for the interposition of a court of equity to relieve the complainant from a double liability. It does not charge a doubt as to the date of the death of the son, or set forth any facts to prevent an ascertainment by the complainant of the exact date of his death, or present such a state of uncertainty as would require a court of equity to ascertain the exact date of the insured's death. It is true counsel expresses some doubts in their brief as to the date of the death of the insured, but there is nothing in the bill which discloses any facts or circumstances that would relieve the complainant from ascertaining this date, or require the action of the chancery court to do so. Moreover, the complainant has brought in unnecessary and improper parties.

[3, 4] While the trial court properly sus-tained the demurrer to the bill, the same should not have been dismissed without giving the complainant an opportunity to amend. The trial court also erred in assuming control of the fund which had been deposited in the court, and in directing its payment to the executors. After dismissing the complainant's bill, it had no right nor authority to hold and distribute the fund. The decree of the trial court in sustaining the demurrer to the bill is affirmed, but is reversed in so far as it dismissed the bill without affording the complainant a reasonable opportunity to amend, and in attempting to administer the fund.

Affirmed in part, and reversed and remanded.

Cost of appeal to be taxed against the executor appellees.

SAYRE, GARDNER, and BROWN, JJ., concur.

---

⬮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·