151 So. 467

## MARCUS et al. v. PEOPLE'S SAV. BANK et al.

### 5 Div. 147.

Supreme Court of Alabama.

Dec. 7, 1933.

G. C. Walker, of Clanton, and Huddleston, Glover & Jones, of Wetumpka, for appellants.

Reynolds & Reynolds, of Clanton, for appellees.

GARDNER, Justice.

The bill is properly to be construed as one of interpleader on the part of the complainant the People's Savings Bank. Such is the specific relief prayed, and the only relief consistent with the averred facts. Joined with the bank as parties complainant are some who claim an interest in the fund involved antagonistic to defendant Susie E. Marcus. But they show for themselves independently no equitable right to relief.

Speaking of bills of interpleader, Mr. Pomeroy (4 Pom. Eq. Jur. [4th Ed.] § 1471), says: "The stakeholder—the person in possession of the thing or fund, or from whom the debt or duty is owing, and against whom two or more conflicting claimants assert their demands—must necessarily be the plaintiff. No interpleader suit can be maintained by one of the contestants against the other contestant and the stakeholder." So, likewise, by parity of reasoning, those who claim an interest in the fund are improperly joined as parties complainant with the bank. They seek relief wholly inconsistent with that sought by the bank, occupying an antagonistic attitude as compared with the indifference of interest on the bank's part. Indeed, strictly speaking, the bank obtains no specific relief. 4 Pom. Eq. Jur. § 1720.

Under general principles of equity pleading, the bill is subject to the objection for misjoinder of parties complainant. 4 Pom. Eq. Jur. §§ 1471, 1320, and 1328; 47 C. J. 53; Flomerfelt v. Siglin, 155 Ala. 633, 47 So. 106, 130 Am. St. Rep. 67; Modern Order v. Merriman, 204 Ala. 197, 85 So. 473; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; Bell v. Allen, 53 Ala. 125. And this rule of pleading is unaffected by section 6645, Code 1923. Staples v. Barret, supra.

The foregoing conclusion is not seriously questioned, it seems, by counsel for appellees, based upon general principles and aside from any statutory provision. But it is insisted that our present statute (section 10390, Code 1923) has enlarged the right of interpleader by permitting a claimant to file a bill in the nature of a bill of interpleader (citing 33 C. J. 424), and that, therefore, under this statute such claimant may be joined with the stakeholder as parties complainant. This court has held that the fundamental principles of equity upon which bills of this character rest, have not been modified by this statute. Missouri State Life Ins. Co. v. Robertson, 223 Ala. 177, 134 So. 800; Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632.

How far the statute has extended the right, however, is not a matter here necessa-

ry to determine. Conceding, without deciding, the correctness of appellees' insistence as to this extension of the right of interpleader, we do not find authority in the statute for a joinder of a claimant with a stakeholder or vice versa, as parties complainant to such a bill. The inconsistencies of their respective positions refute such construction, unless plainly so stipulated in the statute, and we find no warrant in its language justifying such a construction.

The case of Travelers' Fire Ins. Co. v. Young, 225 Ala. 671, 145 So. 140, cited by appellees, dealt with the matter of necessary parties and is inapplicable. And, as above noted, it has been expressly held that the provisions of section 6645 of our Code leave unaffected the matter of pleading herein considered.

We conclude, therefore, there was a misjoinder of parties complainant, and that the assignment of demurrer taking the point should have been sustained. The decree is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.