182 So. 45

### RIDDICK v. AMERICAN EMPLOYERS INS. CO. OF BOSTON, MASS.

8 Div. 904.

Supreme Court of Alabama.

June 16, 1938.

John R. Thomas, Jr., of Huntsville, for appellant.

Douglass Taylor and Thos. J. Taylor, both of Huntsville, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decree of the Circuit Court, in Equity sitting, overruling the demurrer of the defendant B. F. Riddick to the bill.

The complainant is the surety on the official bond of James G. Stogner, former clerk of the Circuit Court of Madison County, who on an audit of his books by the State was shown to be $30,065.97 short in his accounts; $4,839.49 to the State; $21,834.47 to the County; $546.32 to B. F. Riddick; $732.68 to the City of Huntsville; and $2,115.01 to B. F. Giles. The bill avers that the full penalty of said bond is $5,000; that there is a pending suit in the Circuit Court, in Equity, filed by Derrick against Stogner and complainant, in which Derrick is seeking an accounting and relief in the form of a decree against Stogner and complainant as surety.

That the complainant had filed another bill in the court against Stogner, which was still pending, alleging that said Stogner was insolvent, seeking through equitable attachment and garnishment to appropriate the sum of $1,604.29—clerk's fees—in the hands of Henry M. Hughes, clerk of the Circuit Court of Madison County, the successor in office of said Stogner, belonging to said Stogner, in reduction of complainant's liability on said official bonds.

That B. F. Riddick has brought a suit at law against said Stogner and the complainant as the surety on his official bond, and that all of said mentioned suits are still pending.

That the parties whose money Stogner appropriated to his own use in violation of his duties and obligations as such clerk have made demand on the complainant for same. That complainant is threatened with other suits, and that the judgments which said plaintiffs will recover will in all probability exceed the amount of the penalty of said bond.

Complainant brings into court with the filing of his bill, not the full amount of its liability, but the sum of $3,395.71, and alleges that this sum together with the said sum of $1,604.29, in the hands of said Hughes, equals the penalty of said bond, and in paragraph six of the bill, it is alleged that the defendants claim said money or some interest therein.

The bill is filed against James G. Stogner, C. K. Derrick, B. F. Giles, the State of Alabama, Madison County, Alabama, the City of Huntsville and B. F. Riddick, and seeks to have said case of Riddick against the complainant Stogner pending on the law docket transferred to the equity docket, and to have said case and the suit in equity of complainant against Stogner consolidated with this suit, and to require all par-

ties holding claims against Stogner, as such clerk, to file their claims against the money deposited by the complainant in court in this case, as augmented by the $1,604.29, in the hands of Hughes, and after allowing the complainant a reasonable solicitor's fee, that the balance be distributed ratably in discharge of said claims and complainant's liability on said bond.

The appellant, Riddick, demurred to the bill on sundry grounds, among others, that the bill was without equity; that the averments in paragraph six, "that the parties all claim said money or some interest therein, is a mere conclusion of the pleader; that it * * * appears from the averments of the bill that a sum equivalent to the full penalty of the bond is claimed by this respondent, whereas complainant pays into court a lesser sum; that no facts are averred in the bill showing that the sum of money deposited in court upon the filing of the bill represents the full liability of complainant to this respondent; that it affirmatively appears from the averments of the bill that this respondent claims a sum in excess of the sum paid into court by complainant upon the filing of the bill."

The equitable doctrine of marshaling of assets is not applicable to the case as presented by the averments of the bill. That doctrine, to state its general effect, is, where a creditor has a lien on two funds in the hands of the same debtor, and another creditor has a lien on one of them, equity on the application of the latter will compel the former to make his debt out of the fund to which the latter can not resort. 14 Ala. Dig. Marshalling Assets and Securities, pages 141–145; 18 R.C.L. pp. 454–456, §§ 2 and 3.

The only assets disclosed by the averments of the bill is the $1,604.29, in the hands of Hughes, Stogner's successor, consisting of fees collected belonging to Stogner, and this entire sum the complainant seeks to appropriate and apply to the discharge, pro tanto, complainant's liability on the official bond of Stogner.

■ The obligation of the official bond is not an asset of the principal on the bond, the obligation is in the nature of a "collateral security for the faithful performance of [his] official duties." State v. Alabama Power Co., 230 Ala. 515, 162 So. 110, 112; 22 R.C.L. 497, § 176; 46 C.J. 1063, § 388.

■ The complainant does not by bringing in said sum of $3,395.71, absolutely abandon his title thereto, but pays it in with the filing of the bill, on condition that this sum augmented by the assets of Stogner be accepted as full discharge of his liability. In these circumstances said sum of $3,395.71 is in no sense the assets of Stogner.

■ It has been repeatedly ruled that the statute, § 10390 of the Code of 1923, does not modify fundamental principles of equity upon which are rested bills of interpleader, requiring that the complainant come in as a disinterested stakeholder. Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 177, 134 So. 800; Marcus et al. v. People's Savings Bank et al., 227 Ala. 576, 151 So. 467; First National Bank of Clanton et al. v. McKee et al., 227 Ala. 573, 151 So. 444.

It does not appear from the averments of the bill that when the complainant filed its previous bill and procured the issuance of the equitable attachment, it had any claim legal or equitable against Stogner, hence the averments of the bill do not bring the case within the equitable principle upon which bills in the nature of interpleader may be maintained.

As observed in Missouri State Life Ins. Co. v. Robertson Banking Co., supra (page 802): "But in bills of this character complainant seeks some relief of an equitable nature concerning the funds or subject-matter in dispute, in addition to the interpleader of conflicting claimants. 4 Pom.Eq. Jur. § 1481."

If the former bill was groundless, and it must be so treated on demurrer, it not appearing otherwise by affirmative averments, complainant had no claim of an equitable nature to be protected.

The money paid into court, as heretofore stated, was not assets of Stogner, nor was it money belonging to the defendants. It is the money of the complainant brought in, to discharge in part its obligation on the official bonds of Stogner, State v. Alabama Power Co., 230 Ala. 515, 162 So. 110; and is not within the influence of § 10390 of the Code 1923.

■ We do not hold that, if the facts justify an amendment, the bill may not be amended so as to give it equity, but it is not apparent on the face of the bill that the facts justify such amendment. It rather appears that the complainant must

**326**

amend its facts by bringing into court the sum of $5,000, and relinquish its claim to the funds in the hands of Hughes. The surety has the right to rely on its contract, and when the full penalty of the bond is exacted by coercive payments on judgments at law it may enjoin further collections, but the surety can not invoke the equitable doctrine of apportionment. Bradford v. National Surety Co., 207 Ala. 549, 93 So. 473; National Surety Co. et al. v. Graves, 211 Ala. 533, 101 So. 190; McWhorter et al. v. Williams et al., 228 Ala. 632, 155 So. 309.

As against the state the suit is prohibited by the Constitution. Constitution of 1901, § 14; State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Ex Parte Board of School Com'rs of Mobile County, 230 Ala. 304, 161 So. 108; Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; Kansas City Bridge Co. v. Alabama State Bridge Corporation, 5 Cir., 59 F.2d 48; Id., 287 U.S. 644, 53 S.Ct. 90, 77 L.Ed. 557.

The judgment here is that the demurrer, on the stated grounds, was well taken, and that the circuit court erred in overruling same.

Reversed and remanded.

All the Justices concur.