192 So. 268

## HARDEN v. BARBAREE.
### 4 Div. III.

Supreme Court of Alabama.

Nov. 23, 1939.

520

Wilkerson & Brannen, of Troy, for appellant.

Oliver Wiley Brantley, of Troy, for appellee.

BOULDIN, Justice.

A bill in the nature of interpleader filed by one of the claimants to funds held

521

by a disinterested stake-holder under Code, § 10390, should set up complainant's equitable right and title to the fund or some definite portion thereof with the same certainty as if he were brought in under a bill filed by the stake-holder. The adverse claimant, called upon to defend against complainant's claim of ownership, is entitled to be advised of the nature of his claim under the general rules of equity pleading. First Nat. Bank of Clanton et al. v. McKee et al., 227 Ala. 573, 151 So. 444.

When claimants are called upon to interplead under a bill by the stake-holder, each claimant sets up his claim by pleading in the nature of a cross-complaint. Steele et al. v. First Nat. Bank of Mobile et al., 233 Ala. 246, 171 So. 353.

He should state his claim plainly, clearly and distinctly. Estill v. Estill, 147 Ga. 358, 94 S.E. 304; 33 C.J. 459.

It has long been settled that the principles of equity upon which bills of interpleader rest are not modified by this statute. Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 177, 134 So. 800; Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632, and cases cited.

The amended bill to which demurrers were overruled, is quite brief and general in its allegations.

It discloses that complainant, J. R. Barbaree, respondent, W. H. Harden, and three other persons had demands growing out of certain accidents in the State of Florida; that all the suits upon these claims were settled for a lump sum, approximately $4,500, net to the parties; that all parties have received their respective shares in this fund by agreement between themselves save the sum of $450, which sum equitably belongs to complainant and respondent, one or both; that upon their failure to agree upon a proper division of the fund it was by agreement deposited in First National Bank of Brundidge to their joint account; that complainant and respondent have been unable to agree how the money should be divided.

By final amendment, it is alleged: "5. Your orator alleges that he and the said W. H. Harden have, or, are alleged to have a claim on the said $450.00, which said money is in the possession of the First National Bank of Brundidge, and your orator alleges that he is entitled to part of the said $450.-00, notwithstanding such claim of the said W. H. Harden, but the amount Harden and petitioner is entitled to, is unknown, but will have to be ascertained by the Court."

The Bank was made a party, and filed its answer admitting the deposit on joint account, disclaims any interest in the issues between the claimants and asks protection from all costs, etc.

Respondent, Harden, interposed demurrers challenging the equity of the bill, and further challenging the sufficiency of the allegations touching complainant's ownership of the fund or any specified portion thereof.

The bill seems to proceed on the theory that because the respective interests of the claimants to this fund have never been determined and they have never been able to agree, this, within itself, presents a case for equitable relief, and there is no necessity for complainant to specify what portion of the fund he claims, and proposes to show should be awarded to him on an equitable division.

The general averment that a fair division can be made by the court alone, we deem a mere conclusion of the pleader.

When these parties caused this fund to be put in bank to joint account, subject to checks signed by both parties, it was implied that bona fide efforts be made to agree upon an equitable division. For aught appearing, both parties are fully advised, or can readily ascertain, all the facts which are proposed to be proven in court. There are no averments calling for discovery. The failure to agree on a division, with all the facts known or ascertainable by the parties, is presumably due to the fault of one or both these parties in not reaching an agreement.

The bill avers no bona fide effort of this complainant to negotiate an equitable division; avers no offer to make a division which complainant deems equitable, and does not advise the court nor respondent what portion of the fund he now claims as his share on equitable division.

When a court of equity is asked to go into the matter of ascertaining the respective interests of parties in funds derived from a settlement of tort actions, sounding in damages, the necessity of complainant to resort to equity should appear with reasonable certainty. Litigation is a consuming process.

For aught appearing the suit has resulted from dereliction or non-action on

522

the part of complainant, whereas, under the facts of the case, action on his part looking to an equitable division by agreement was a prerequisite to his coming into equity.

■ Appellant has not specially stressed the defects of the bill in all respects here treated. They are discussed for the guidance of the court and parties in the further progress of the cause, especially in view of request of counsel for appellee that we elaborate somewhat upon the proper contents of a bill of this character.

The demurrers setting up the insufficiency of the bill in setting forth what portion of the fund complainant claims as his share on an equitable apportionment were well taken, the ruling assigned as error, and duly argued.

The court erred in overruling these grounds of demurrer.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.