199 So. 691

**CITY OF ENTERPRISE v. FLEMING.**

**4 Div. 157.**

Supreme Court of Alabama.

Nov. 14, 1940.

Rehearing Denied Jan. 23, 1941.

J. T. Thrower, of Enterprise, for appellant.

Harry Adams, of Enterprise, for appellee.

BROWN, Justice.

The appellant, by ordinance duly adopted, levied a privilege license tax against each person, firm or corporation engaged :as, A—"Wholesale dealers in oils and gasoline or other motor power oil and gas, * * * whether sold from truck or station..........$100.00," and B—"Each person, firm, or corporation *making deliveries* of gasoline, or other motor power fuel *to a tank or station* for retail within the City of Enterprise, *whether such tank or station is owned and operated by the person, firm, or corporation* making deliveries, or by others.....$100.00." As to the last-mentioned tax the ordinance provides: "But this schedule shall not apply to wholesale dealers who have paid the license provided for in the next preceding schedule." (Italics supplied.)

The appellee operates two retail filling stations within the corporate limits of appellant municipality, on which the license tax of $15 each has been paid, and supplies these filling stations with motor fuels by purchasing the same in the State of Florida, and transporting such fuels in his own trucks, to said filling stations in Enterprise and placing the same in his retail tanks at said stations.

The bill filed by appellee seeking a declaratory decree alleges, that notwithstanding he has procured a retailer's license for each of said filling stations, and has procured a license for the operation of his trucks, the appellant is demanding that he procure a license and pay the tax for the privilege of delivering motor fuel for retail to his said filling stations. And, he asserts, that said ordinance, in so far as it requires such tax, is double taxation, unreasonable, discriminatory and unconstitutional, and therefore void.

The evidence shows that persons engaged in the business of selling at wholesale within the corporate limits and delivering to retail filling stations operating therein pay the license tax required by the Schedule designated A—; that appellee does not engage in wholesaling oils and motor fuels in the City of Enterprise, and only pays the minimum retailer's license.

The privilege of making deliveries of motor fuels within the corporate limits to filling stations is a privilege subject to the power of the municipality to tax, conferred by Chapter 43, Article 32 of the Code, 1923, and is a reasonable basis for classification, and the levy applies equally to all within the class. Woco Pep Co. of Montgomery v. City of Montgomery, 219 Ala. 73, 121 So. 64; Edgil v. City of Carbon Hill, 214 Ala. 532, 108 So. 355; Town of Guntersville v. Wright, 223 Ala. 349, 135 So. 634.

The levy, therefore, is not double, nor discriminatory, but is a valid exercise of the taxing power by the municipality.

The ordinances dealt with in the cases cited by appellee, and declared void, were held to be discriminatory, and those authorities are not apt here. The privilege taxed is the privilege of delivering within the corporate limits, and no question of interstate commerce is involved.

The decree of the Circuit Court holding the ordinance void is reversed and one here rendered declaring the ordinance in the respect indicated valid and enforceable.

The validity of that paragraph of the ordinance levying a retail license of $125 on "Retail dealers, distributors, or

agent, where wholesale license has not been paid by the dealer or distributor," is not within the justiciable controversy presented by the bill and as to this we express no opinion.

Reversed and rendered.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.