47 So.2d 261

**PERDUE v. STATE NAT. BANK.**

6 Div. 891.

Supreme Court of Alabama.

Feb. 2, 1950.

Rehearing Granted June 30, 1950.

81

Finis E. St. John, of Cullman, for appellant.

Julian Harris and Norman W. Harris, of Decatur, for appellee.

BROWN, Justice.

The transaction between Perdue and wife and complainant bank boiled down to last analysis was simply a loan of money by the former to the latter on express contract on the part of the complainant to pay to either one or both with interest on presentation of the pass book showing the true state of the account with accrued interest on demand. As the contract states,

"The bank considers *the possession of the pass book as the important condition,* and reserves the right, if it so desires to pay on it alone." As to the legal effect of the transaction see Clark v. Young, 246 Ala. 529 Par. [2], 21 So.2d 331, and authorities there cited.

The contract printed on the pass book provides: "Deposits may be made jointly by husband and wife, either one or both. The signature of either one to be sufficient for withdrawal of all or any part of funds standing to the credit of both." Under the terms of the contract, when the wife Ellen Perdue appeared in person and presented the pass book showing the true state of the account and requested the bank to pay the full amount to her and the bank refused to do so, it breached said contract and the duty growing out of said contract, —a tort. Pratt v. First National Bank of Fayette, 243 Ala. 257, 261, 9 So.2d 744; H. C. Schrader Co. v. A. Z. Bailey Grocery Co., 15 Ala.App. 647, 74 So. 749. In the face of such demand and the express provisions of the contract, it had no right to doubt or to inquire into the ownership of the debt created by the loan. That inquiry was foreclosed by its brain-child,—the contract endorsed on and a part of the pass book. The money in the hands of the bank was not the property of the depositors but the property of the bank which it was under duty to use in discharge of its obligation on demand of Mrs. Perdue, who had the pass book in her possession and made demand on the bank to pay.

The facts of this case bring it clearly within the influence of § 128(3), Title 5, Code of 1940, Cum.Supp.1947, regulating procedure in case of adverse claim. The legislative purpose clearly expressed is to put on such adverse claimant the burden of bringing on the litigation and its consequences if he fails to establish his claim and to provide indemnity to the stakeholder against "any and all liability, loss, damage, costs and expenses, for and on account of the payment or recognition of such adverse claim or the dishonor of or failure to pay the check or failure to comply with other order of the person to whose credit the deposit stands on the books of said bank

or trust company; * * *," not merely to give the stakeholder an option to proceed as provided by the statute or to bring a bill of equitable interpleader to the detriment of the depositor, who had legal authority to demand payment and give full acquittance to the bank. The cited statute is remedial and will be liberally construed and applied to contracts existing prior to its passage. Tutwiler v. Tuskaloosa Coal, Iron & Land Co., 89 Ala. 391, 7 So. 398; Coosa River Steamboat Co. v. Barclay, 30 Ala. 120; Modern Order of Praetorians v. Merriman, 204 Ala. 197, 85 So. 473.

The complainant was fully advised of the facts, the provisions of the contract on which its rights and duty and those of the defendant Mrs. Perdue rested and for whose benefit the deposit was made and that she could give full acquittance for the debt.

It is our opinion that the demurrer to the bill was well taken and the court erred in overruling the same. A decree will be here entered sustaining the demurrer and remanding the cause for further proceedings not inconsistent with this opinion. The complainant is allowed thirty days from the date the mandate of this court reaches and is filed with the register within which to plead.

Reversed, rendered and remanded.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.

On Rehearing

PER CURIAM.

Upon further consideration upon application for rehearing we have concluded that on the original hearing an erroneous construction was placed upon the Act which appears in the 1947 Pocket Part of the Code of 1940 as Tit. 5, § 128(3). It appears that the Act has been adopted in various other states. The necessity for it and its purpose is stated in Gendler v. Sibley State Bank, D.C., 62 F.Supp. 805, 810. The Act is designed to apply to a case where the deposit stands on the books of the bank to the credit of one or more persons and where adverse claim to the deposit is made

by a stranger. In such event the bank would be justified in allowing withdrawals by the depositors unless the stranger had furnished the bond and affidavit required by the statute. Accordingly the statute does not apply to a case where the names of both claimants appear as depositors. In the present case L. H. Perdue was shown on the deposit contract as a depositor just as was Ellen Perdue.

In Baden Bank of St. Louis v. Trapp, Mo.App., 180 S.W.2d 755, in which this uniform statute was construed it is held that the term "adverse claimant" as used in this statute means one who is not shown on the books of the bank as a depositor. Under this construction of the statute the guardian of L. H. Perdue is not an "adverse claimant" to the deposit within the meaning of the statute and the bank had no right to exact a bond from him.

In the case of First National Bank of Portland v. Reynolds, 127 Me. 340, 143 A. 266, 268, 60 A.L.R. 712, it was held that the Maine statute, identical with the Alabama statute, does not deprive the bank of the remedy of interpleader. The Supreme Court of Maine said: "Nor can we agree that the demurrer should have been sustained on the ground that section 5, chap. 150, P.L. 1923, provides a complete, adequate, and exclusive method of which disputes concerning the title to bank deposits may be determined. That statute was intended to supplement, not to supersede, interpleader. It may be applied where interpleader will not lie. It is not unlikely that it might be properly invoked in certain cases in which interpleader would be an appropriate remedy. It is permissive. It provides one means by which the title to a bank deposit may be, under some circumstances, litigated. There are still other methods to reach that end. One of them is pointed out in Hatch v. Caine, 86 Me. 282, 29 A. 1076. But the remedy of interpleader is still an appropriate remedy, where interpleader will lie, notwithstanding the adoption of the statute in question."

It is not pertinent to the issues in the instant case to pass upon the effect of the Act on the right of interpleader when as in the Maine case, supra, the adverse claim-ants are not both depositors of the fund in question. Pretermitting that question we do think that the statute does not prevent the bank from pursuing an interpleader suit when the adverse claimants are joint depositors of the fund.

Furthermore we now are satisfied that the bill filed in this cause presents a case for interpleader under Equity Rule 36, which appears in the Appendix of Title 7, Code of 1940. Johnson v. Malone, 252 Ala. 609, 42 So.2d 505; Jennings v. Jennings, 250 Ala. 130, 33 So.2d 251; Clark v. Young, 246 Ala. 529, 21 So.2d 331.

In view of our opinion the application for rehearing is granted, the decree of this court sustaining the demurrer and remanding the cause is set aside and the decree of the lower court overruling the demurrer to the bill is affirmed.

FOSTER, LAWSON, SIMPSON, and STAKELY, JJ., concur.

BROWN and LIVINGSTON, JJ., dissent.

BROWN, Justice (dissenting).

Before § 10390 of the Code of 1923 was embodied in Equity Rule 36, Code 1940, Tit. 7 Appendix, it had been consistently construed as not changing the fundamental principles of equity upon which bills of interpleader or bill in the nature of interpleader rests. That such principles have not been modified by the statute see Marcus et al. v. Peoples Sav. Bank et al., 227 Ala. 576, 151 So. 467; Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632; Riddick v. American Employers Ins. Co., 236 Ala. 323, 182 So. 45; Michie et al. v. Nebrig et al., 223 Ala. 175, 134 So. 665; Harden v. Barbaree, 240 Ala. 458 (3 Head Note 460), 199 So. 689; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 177, 134 So. 800, 802.

In the last cited case it was observed "one of the prime requisites of a bill of interpleader is the disinterestedness of the complainant in the subject-matter of the suit. He must stand in relation thereto as a mere stakeholder, indifferent between the conflicting of claimants. (Citing cases)

Nor are the fundamental principles of equity upon which are rested bills of this character in any manner modified by section 10390 of our Code." To like effect see Harden v. Barbaree, 238 Ala. 519, 192 So. 268.

The new equity rules were adopted October 9, 1939, effective January 1, 1940, See 238 Ala. page XVII. The only change in the rule originating in the statute and brought forward in said rule pertaining to the disinterestedness of the complainant, if any, was the provision,—"It is not ground of objection to the action * * * *that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants."*

Since the adoption and effective date of said rule, on the second appeal in Harden v. Barbaree, 240 Ala. 458, 199 So. 689, the statement of the law as to the necessity of the disinterestedness of the complainant as a stakeholder was reaffirmed. It was there observed "The provisions for suggestions of claim of a third party in an action pending on any contract for the payment of money at any time before issue joined (Code § 10386 [Code 1940, Tit. 7, § 1179]) has no application to the instant action, which is in the nature of interpleader touching the two parties in interest in the fund and the disinterested stakeholder." 240 Ala. 460(3), 199 So. 691, citing the text of 33 C. J. p. 457; 48 C.J.S., Interpleader, § 34.

Certain it is that this court when it formulated and adopted Equity Rule 36, by the mere inclusion of the quoted provision in respect to the "plaintiff" did not intend to ignore, uproot or emasculate the long settled rule that the plaintiff or complainant must as between the contending claimants be without interest. It merely permitted the complainant to allege that "he is not liable in whole or in part to any or all of the claimants." So this averment is not inconsistent with the disinterestedness of the complainant as a stakeholder. Though such averment was made in the bill and could not under the facts alleged be truthfully made.

In Johnson v. Malone, 252 Ala. 609, 42 So.2d 505, the statement of facts shows that Malone was a disinterested stakeholder of the earnest money deposited with him by the purchaser to hold pending the closing of a sale of lands, and the court was not called upon to construe Equity Rule 36, as superseding the settled law in relation to such proceedings.

Therefore laying aside the applicability of § 128(3), Tit. 5, Code 1940, the complainant was not so situated as to maintain the bill, under the doctrine of equitable interpleader. Modern Order of Praetorians v. Merriman, 204 Ala. 197, 85 So. 473, and authorities cited, supra.

The complainant was liable to repay the loan on demand of either of the lendors accompanied by the presentation of the pass book showing the true state of the account, and in the face of its liability undertook to aid Perdue the guardian by using the subtle threat of litigation to induce Ellen Perdue to yield her rights to her adversary.

In my opinion the bill is without equity and the rehearing should be denied.