**UNITED STATES v. JACOBS et al.**

Civ. A. No. 6681.

United States District Court
N. D. Alabama, S. D.

Sept. 27, 1951.

John D. Hill, U. S. Atty., George Huddleston, Jr., Asst. U. S. Atty., Birmingham, Ala., for plaintiff.

Taylor, Higgins, Windham & Perdue and Wade H. Morton, Birmingham, Ala., for C. M. Jacobs.

Graham, Bibb, Wingo & Foster, Birmingham, Ala., for Julian Swift.

Cabaniss & Johnston, Birmingham, Ala., for Southern Railway.

LYNNE, District Judge.

On October 24, 1949, C. M. Jacobs[1] recovered of the Southern Railway Company,[2] in the Circuit Court of the Tenth Judicial Circuit of Alabama,[3] a judgment in the amount of $5,000 for personal injuries arising out of an accident which occurred on February 10, 1948. On October 24, 1949, Southern paid to Julian Swift,[4] as Clerk of the State Court, the sum of $5,000 in satisfaction of such judgment.

On November 15, 1949, the Railroad Retirement Board[5] notified the Clerk that it claimed a lien upon the proceeds of such judgment in the amount of $1,135 pursuant to the provisions of Section 12(o) of the Federal Railroad Unemployment Insurance Act, as amended, 45 U.S.C.A. § 362(o). Thereafter, on December 27, 1949, the Clerk filed his bill of interpleader in the State Court, sitting in equity, tendering into the registry of the court the sum of $1,135 and requesting the issuance of process to Jacobs and the Board requiring them to come in and propound their claims, if any, to such sum of money.

On January 4, 1950, the Board appeared by the United States Attorney for the Northern District of Alabama, filed an answer setting up its claim to such sum, averring that notice of its claim to a lien upon the proceeds of the above mentioned judgment had been served upon the Clerk, and praying that upon a final hearing the State Court allow its claim to such sum of money.[6] On January 10, 1950, Jacobs filed a demurrer to the Clerk's bill, which demurrer was sustained by the State Court on April 25, 1950. Thereafter, on May 24, 1950, the Clerk amended his bill, with leave of court, and service of the amendment was accepted in behalf of the Board by the United States Attorney. Jacobs thereupon refiled his demurrer to the amended bill and added additional grounds thereto. On September 1, 1950, the State Court sustained Jacobs' demurrer to the amended bill and dismissed the same, directing the register of the court forthwith to return to the Clerk the funds which he had theretofore deposited in the registry of the court.

The decree of the State Court sustaining Jacobs' demurrer and dismissing the bill proceeded upon the theory that the pleadings did not disclose two bona fide claimants to the funds tendered with the bill of interpleader. It is probable that the State Court Judge rested his conclusion on the failure of the pleadings to disclose that the Board had served written notice on the Southern of its claim of a lien upon the proceeds of the judgment as required by the provisions of Section 12(o) of the Railroad Unemployment Insurance Act, as amended.[7]

On September 9, 1950, the Board appealed to the Supreme Court of Alabama from this decree of the State Court, serving a citation of appeal on the Clerk and Jacobs respectively. On April 19, 1951, such appeal was dismissed and no other or further review of such decree has been sought by the Board before any state court.

On April 28, 1951, plaintiff, suing in behalf of the Board, which is an independent agency of the executive branch of the government of the United States, established under the Railroad Retirement Act

1. Hereinafter referred to as Jacobs.

2. Hereinafter referred to as Southern.

3. Hereinafter referred to as the State Court.

4. Hereinafter referred to as Clerk.

5. Hereinafter referred to as the Board.

6. The prayer for affirmative relief, included in the answer, is set out in haec verba: "wherefore, premises considered, respondent, Railroad Retirement Board, prays that this Court will make up an issue between respondents, and that upon a final hearing this Court will order, adjudge, and decree that the claim of the respondent, Railroad Retirement Board, to the sum of Eleven Hundred Thirty-five Dollars ($1135.00), paid into this Court by Julian Swift, be allowed."

7. Title 45 U.S.C.A. § 362(o).

of 1937, as amended,[8] filed a complaint in this court to which Jacobs, the Clerk and Southern were. made parties defendant. After reciting substantially the same facts which were alleged in the answer filed in behalf of the Board in the State Court, the United States Attorney, appearing here for the present plaintiff, added the additional averment that the Board had duly notified Southern of its right to reimbursement from the proceeds of the judgment for sickness benefits paid to Jacobs. Each defendant, by answer, asserts that the decree of the State Court, dated September 1, 1950, is an effective bar to this action on principles of res judicata or estoppel by judgment. Each defendant, too, moves for summary judgment or, in the alternative, for a judgment on the pleadings. There is no genuine issue as to any material fact On the contrary, the entire proceedings in the State Court, relevant to the issue of res judicata raised by the defendants, Jacobs and the Clerk, are attached as exhibits to their respective answers and conceded by the parties to be true copies thereof.

Precisely stated, the question is whether the State Court decree of September 1, 1950, sustaining Jacobs' demurrer and dismissing the Clerk's bill, going to the merits as it did and raising a question of substance and not merely one of form, is a complete bar to this action as against the defendants, Jacobs and the Clerk.

■ The faith and credit to which the State Court decree is entitled in this court is to be measured by its effect in the State of Alabama where it was rendered.[9] It is the law of Alabama that a judgment dismissing a suit on its merits—that is, on a judicial consideration and determination of the ultimate facts in controversy—is conclusive to the same extent as though it were rendered on a verdict.[10]

■ The right to interplead in equity, under Alabama practice, is definitively provided by Equity Rule 36, Title 7, Appendix, Code of Alabama 1940, whereby each claimant is required to set up his claim by answer which is in the nature of a cross-complaint. Alabama courts have held that a respondent in a bill of interpleader who appears and asserts a claim to a res becomes essentially a cross-complainant.[11]

The impact of the decree of the State Court entered on September 1, 1950, was on the claim of the Board, amounting to a judicial consideration and denial of such claim, authorizing the Board to take an appeal to the Supreme Court of Alabama, as it did.[12]

■ To avoid the application of res judicata, plaintiff relies heavily upon the hoary axioms of the law that the United States cannot be sued without their consent;[13] that their sovereign immunity can be waived only by Act of Congress;[14] that the United States Attorney cannot waive their sovereign immunity in the absence of an Act of Congress;[15] and that no Act of Congress waives the immunity of the Railroad Retirement Board from suit in the State Court.[16]

8. Title 45 U.S.C.A. § 228a et seq.

9. Jarrard v. Southeastern Shipbuilding Corp., 5 Cir., 1947, 163 F.2d 960.

10. Strang v. Moog, 72 Ala. 460; McDonald v. Mobile Life Insurance Co., 65 Ala. 358; Perkins v. Moore, 16 Ala. 17; Stein v. McGrath, 128 Ala. 175, 30 So. 792.

11. Harden v. Barbaree, 238 Ala. 519, 192 So. 268; Steele v. First National Bank of Mobile, 233 Ala. 246, 171 So. 353.

12. Commercial Savings Bank & Trust Co. v. A. Z. Bailey Grocery Co., 203 Ala. 522, 84 So. 808.

13. Maricopa County v. Valley National Bank of Phoenix, 318 U.S. 357, 63 S.Ct.

587, 87 L.Ed. 834; Young v. Anderson, 81 U.S.App.D.C. 379, 160 F.2d 225; Welch v. Hamilton, D.C., 33 F.2d 224.

14. Carr v. United States, 98 U.S. 433, 25 L.Ed. 209; State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Welch v. Hamilton, D.C., 33 F.2d 224; Wallace v. United States, 2 Cir., 142 F. 2d 240.

15. Carr v. United States, 98 U.S. 433, 25 L.Ed. 209; Stanley v. Schwalby, 162 U.S. 255, 16 S.Ct. 754, 40 L.Ed. 960.

16. Railroad Retirement Act, 45 U.S.C.A. §§ 228a to 228s; Railroad Unemployment Insurance Act, 45 U.S.C.A. §§ 351–367.

Contending that "when the sovereign sues, he brings with him no privileges which exempt him from the common fare of suitors,"[17] the defendants point to the answer filed in behalf of the Board in the State Court, its nature as a cross-complaint and its prayer for the allowance of its claim to the res then in the custody of the State Court and insist that when it came into the State Court, seeking relief against an individual, it came not as a sovereign, but as a suitor and is therefore bound by the judgment of the State Court as though it were an individual litigant.

■ The proceedings in the State Court tangentially invite consideration of the doctrine of sovereign immunity. Had the Board abstained from any appearance in that forum or taken any other action short of asserting affirmatively a claim to the funds in its custody, the judgment therein would not be res judicata here. However, that which was done was the equivalent of a voluntary intervention to enforce the right of the United States to such funds. That the United States have a right to bring suit by their attorney in courts of the several states to enforce their contracts and protect their property without special statutory sanction is not open to doubt.[18]

■ While it is clear that the doctrine of res judicata is applicable to the United States, careful research has disclosed but one case squarely in point. In United States v. Guaranty Trust Company of New York, 76 F.2d 747, the Circuit Court of Appeals, Second Circuit, considered a fact situation which for all intents and purposes was identical. There the Government, though not served, appeared in a New York Surrogate's Court by an Assistant United States Attorney and filed affidavits and briefs claiming an income tax lien and opposing licnee's application as beneficiary of a testamentary trust to compel the trustees to pay income to him. The Surrogate decided that the lien was precluded by an exemption under State law. Thereafter, the Government brought its suit in the Federal District Court to enjoin the trustees and beneficiary from carrying out the Surrogate's order directing payment to the beneficiary. In an opinion by Judge Augustus Hand, the Court held that the judgment of the Surrogate's Court was res judicata, adverting to the voluntary appearance of the United States in the state court and its prayer for affirmative relief therein.[19]

While the State Court may have considered the lien asserted by the Board as inchoate on the basis of the allegations in the pleadings before it, the opportunity existed for the Board to have alleged that its lien upon the funds in the registry of the court had been perfected by service of notice upon Southern. Thus, its answer and cross-bill might have been amended prior to the dismissal of the original bill of complaint.[20] Moreover, for purposes of res judicata, the rationale of the State Court judgment is immaterial in view of the necessary conclusion that there was full opportunity to litigate the issue relating to the Board's claim and that it was adjudicated by the Court's decree.[21]

■ The Court holds that the judgment of the State Court entered on September 1, 1950, on principles of res judicata, is a complete bar to this action as against the defendants, Jacobs and the Clerk.

Turning to that aspect of the complaint involving plaintiff's claim against South-

17. Walker v. United States, C.C., 139 F. 409.

18. Merryweather v. United States, 9 Cir., 12 F.2d 407; Cotton v. United States, 11 How. 229, 52 U.S. 229, 13 L.Ed. 675; Bowles, Price Administrator, v. Goldman, D.C., 7 F.R.D. 12.

19. Cf.; Jones v. Watts, 5 Cir., 142 F.2d 575, 163 A.L.R. 240; United States v. American Ditch Ass'n, D.C., 2 F.Supp. 867.

20. Upon the oral argument of this case, the United States Attorney made known to the Court that the Board had not informed him that notice had been given to the Southern as required by statute until after an appeal had been taken from the State Court decree.

21. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297.

ern, the Court finds that the facts are without dispute. Prior to the issuance of execution, Southern paid the amount of the judgment to the Clerk of the Court, as it had a right to do under the provisions of Section 197, Title 13, Code of Alabama 1940. That does not mean that Southern, affected with notice thereof, had statutory sanction to shift its responsibility to the Clerk and defeat the Board's claim.[22]

However, before paying the amount of the judgment to the Clerk, Southern informed the Board of its intention to do so.[23] Since an opportunity was afforded the Board by the Clerk's bill of interpleader to establish its claim to such funds in the State Court, of which it availed itself, though unsuccessfully, plaintiff does not, it cannot, point to any act of Southern which defeated or impaired its lien.

The Court holds that plaintiff's claim against the defendant, Southern, is without merit and a summary judgment is due to be rendered in favor of such defendant.

A judgment dismissing the action with prejudice will be presented and entered.

## HARDY v. YELLOW CAB CO.
### Civ. No. 10847.

United States District Court
E. D. Pennsylvania.

Oct. 5, 1951.

---

22. Commonwealth Ins. Co. of New York v. Terry, 230 Ala. 125, 159 So. 822.

23.        "November 10, 1949
              "File 2021–G
   "Mr. H. H. Dashiell, Regional Director
   "Railroad Retirement Board
   "800 Peachtree Street, N.E.
   "Atlanta, Georgia
   "Dear Sir:
      "Referring to your letter of April 1, 1948, advising that benefit payments are being made to C. M. Jacobs, SSA No. 704–18–3874, and requesting protection of reimbursement to the Board in the event of any payments made covering the period for which any benefits have been paid:
      "As a result of a law suit in connection with this claim, we are today passing for audit voucher in favor of the clerk of the court covering judgment in this case in an amount in excess of $2,000.00. As this payment is being made through

Laurence H. Eldredge and Norris, Lex, Hart & Eldredge, Philadelphia, Pa., for plaintiff.

James J. Leyden, Philadelphia, Pa., for defendant.

the court, we are unable to protect any reimbursement due the board, and I am furnishing you this information so that steps can be taken, if necessary, to notify the clerk of the court that amounts are due the Board in connection with this settlement. The payment is being made

through Julian Swift, Clerk, Circuit Court, Tenth Judicial Circuit of Alabama, Birmingham, Alabama.

"I assume you will take action necessary and I am, therefore, closing my file.

"Yours very truly,
"Auditor." (Southern)